NICHOLS *et al.* v. WINFREY, *Appellant.*

1. **Homicide**: SELF-DEFENCE. Where a person has reasonable cause to apprehend a design on the part of another to do him great bodily harm, and there is reasonable cause to apprehend immediate danger of such design being accomplished, he may act upon appearances, and may kill the assailant, if that is necessary, to avoid the apprehended danger; and the killing will be justifiable, although it may turn out that the appearances were false; but, un-

less he has such reasonable apprehension, the mere fact of being assaulted will not justify him in killing his assailant.

2. **Action for Homicide**: SELF-DEFENCE: EVIDENCE. In a civil action for the wrongful killing of plaintiff's husband, where the defence is self-defence, and the question to be determined by the jury is whether defendant had reasonable cause to apprehend a design on the part of the deceased to do him great bodily harm, it is essential to put the jury in possession of all the facts, that they may know the exact position of defendant, and while the fact that deceased was intoxicated at the time, and defendant sold him the liquor, will not deprive the latter of the right to protect himself against the assaults of the deceased, they are circumstances in the case from which it cannot be freed, and may be given in evidence, to show the condition of deceased and the knowledge of him, upon which defendant had a right to, and doubtless did, act. And the number of times deceased drank at defendant's saloon during the day may also be shown.

3. ————: SALOON KEEPER : INSTRUCTION. In such case, the defendant being a saloon keeper, it is not error for the court to refuse to instruct that the law presumes defendant's business was licensed by the state, and that he was in the peace of the state, and entitled to the protection of the laws, both as to the safety of his person and dominion over his property, there being no such issues in the case.

4. ————: MEASURE OF DAMAGES. In an action for damages for the wrongful killing of plaintiff's husband, there being no aggravating circumstances to justify more than actual damages, it is proper to instruct the jury to limit the recovery to such sum as they find to be just and fair, with reference to the necessary injury resulting to plaintiff from the death of her husband.

*Appeal from Livingston Circuit Court.*—JONAS J. CLARK, ESQ., Special Judge.

AFFIRMED.

*Kinley & Wallace, John E. Wait* and *L. H. Waters* for appellant.

(1) The court erred in admitting evidence tending to show that deceased was intoxicated, and that he had obtained his liquor of defendant. *Nichols v. Winfrey,*

79 Mo. 553. (2) The court erred in giving plaintiffs' first, second, third, fourth, fifth, sixth, eighth and ninth instructions. All these instructions ignore defendant's "right to protect his dominion over his own house." *Nichols v. Winfrey, supra.* (3) The court erred in refusing defendant's seventh, ninth, tenth, twelfth and thirteenth instructions. These instructions substantially stated the law as announced by this court when the case was here before. (4) The case should be reversed, and, if reversed, we submit that, upon the uncontradicted facts as they appear in the record, it should end the litigation.

*S. P. Huston* and *C. H. Hammond* for respondents.

(1) The court did not err in overruling appellant's objections to the question propounded to the witness, Laughlin. The inquiry was material. (2) The court did not err in giving instructions on motion of plaintiff. R. S. 1879, sec. 1235; *Stewart v. Nelson*, 79 Mo. 522. The instruction as to the measure of damages was correct. *Nichols v. Winfrey*, 79 Mo. 553; *Morgan v. Durfee*, 69 Mo. 481; *Nagel v. Railroad*, 75 Mo. 667. (3) The court did not err in refusing instructions asked by defendant. Those given presented fairly the only issues made by the testimony. *Newcomb v. Blakely*, 1 Mo. App. 289; *Russell v. State Ins. Co.*, 55 Mo. 585; *Nichols v. Winfrey*, 79 Mo. 548.

BLACK, J.—This suit was commenced by the plaintiff, Josephine, to recover damages for the wrongful killing of her former husband, James Steinbeck. The case was here before and is reported in 79 Mo. 544.

The evidence now shows that deceased and two or three other persons arrived at the village of Cunningham at 11 : 30 in the forenoon, and between that and three

o'clock in the afternoon of the same day drank at the defendant's saloon from sixteen to nineteen times. At last defendant refused to sell them any more whiskey. Steinbeck and the others agreed to go home, if defendant would treat the cigars and set out the whiskey again. Defendant complied with the request. At this time the deceased used much vulgar language, and was reproved therefor by defendant. Defendant then picked up his saddle, and said he wanted to lock up, when deceased caught hold of him and pressed him up against the wall. Steinbeck then said : ''I have heard of you, Winfrey, and you have got hold of the wrong chicken now,'' and defendant, being unable to extricate himself from the grasp, sent for the constable, who came at once and told Steinbeck to let the defendant go. Steinbeck, with an oath, said : '' You and all the marshals in Cunningham can't put me out.'' The constable took hold of Steinbeck and released defendant from his grasp. Defendant then ran behind the counter, and Steinbeck followed, dragging the constable, and, as Steinbeck was reaching for the defendant across the counter, the defendant shot and killed him. The deceased was a strong, robust man, physically much the superior of the defendant. The constable says that the defendant said, when behind the counter: ''I'll put him out,'' when he told defendant to put up his pistol. The other parties refused to assist the constable, because they were not armed.

1. The principle of law was clearly enough stated when the case was here before, following the authorities then cited, that where a person has reasonable cause to apprehend a design on the part of another to do him great bodily harm, and there is reasonable cause to apprehend immediate danger of such design being accomplished, he may act upon such appearances, and may kill the assailant, if that is necessary to avoid the apprehended danger; the killing will be justifiable, al-

though it may turn out that the appearances were false.

The second and third instructions given at the request of the plaintiff are as follows :

"2.   Although the jury may believe from the evidence that deceased took hold of the defendant and held him, and may believe from the evidence that he attempted to follow him, when released, with the intention of again taking hold of him, yet that would not justify the defendant in taking his life, unless the jury believe from all the evidence before them, that the defendant had reasonable cause to believe that the deceased was then about to take his life, or do him some other great personal injury. "

"3.   If the jury believe from the evidence that the defendant had no reasonable cause to apprehend that deceased intended to take defendant's life, or do him any other great bodily harm, and that, thereupon, the defendant fired the pistol shot in revenge, or in a reckless and vindictive spirit, then there is no self-defence in the case, and the jury cannot find for the defendant on that ground. "

The following was given at the request of the defendant :

"3.   The court instructs the jury that, when danger is threatened and impending, a person is not compelled to stand with arms folded  until it is too late to strike, but the law permits him to act on reasonable fear, and in this case, if the defendant had reasonable cause to apprehend that Steinbeck had a design to do him some great personal injury, and that there was reasonable cause to apprehend immediate danger of such design being accomplished, then Winfrey had a right to act on appearances and kill Steinbeck, to prevent such design being accomplished, and such killing would be justifiable, although it should afterward turn out that the ap-

pearances of danger were false and unfounded, and the finding should be for the defendant."

Besides this instruction, the court gave a number of others at the request of the defendant, all asserting like propositions, and, taking them all together, on the one side and the other, they presented fairly the law of self-defence as before stated. Indeed, considering the fact that it stands admitted that defendant killed Steinbeck, we see no objection to the plaintiff's instructions, considered separately. The contention that the third instruction for plaintiff is a comment on the evidence cannot be sustained; nor can we say there was no evidence upon which to base the fourth.

2. Error is also assigned to the action of the court in admitting the evidence as to the number of times deceased drank at the defendant's saloon; and in refusing to instruct that it was immaterial whether or not the deceased was intoxicated, or from whom he got the liquor; and in refusing to direct the jury not to consider the fact that defendant sold the liquor to the deceased. The important question for the jury to determine was, not whether the defendant was in actual danger, but whether he had reasonable cause to apprehend a design on the part of the deceased to do him bodily harm. To determine this question, it was essential to put the jurors in possession of all the facts, that they might know the exact position of the defendant. We do not see how this could be done without developing all the attending circumstances. The fact that the deceased was intoxicated, and that the defendant sold him the liquor, did not deprive defendant of the right to protect himself against the assaults of the deceased, but they are circumstances in the case, and from which it cannot be freed. The condition of the deceased, and the knowledge of him which defendant had acquired during the day, were part of the facts upon which defendant had a right to, and doubtless did, act. It must follow that the evidence

was properly received and the instructions rightfully re-used.

3. The refusal of the court to say that the presumption of law is, that defendant's business, as saloon keeper, was licensed by the state, and that he was in the peace of the state, and entitled to the protection of the laws, both as to the safety of his person and as to dominion over his property, is also alleged as error. There was no issue in the case as to whether defendant's saloon was licensed or not, and no claim that he was engaged in an unlawful business. Every instruction given defines the rights of both the defendant and the deceased. The instruction is but an abstract statement, and need no more be given in this case than if the defendant was in the pursuit of any other business. The elements of the ninth refused instruction, which are not objectionable for the reasons before stated, as to the others which were refused, are embraced in the seventh and eleventh, which were given.

4. The instruction as to the measure of damages limits the recovery to such sum as the jury should find to be just and fair, with reference to the necessary injury resulting to plaintiff from the death of her husband. When the case was here before it was considered, there were no aggravating circumstances to justify more than actual damages, and the instruction conforms with what was then said in that respect. No specific complaint to it is assigned, and it need not be further considered.

We see no reason for again reversing the judgment, and it is, therefore, affirmed. Ray, J., having been of counsel, did not sit in the hearing of this cause. The other judges concur.