# Harrell *v.* The State.

## *Murder.*

(Decided April 21, 1910.   52 South. 345 )

1. *Homicide; Excuse; Drunkenness; Evidence.*—Where there was at that time no evidence of self defense, the theory being that death resulted from the accidental discharge of a pistol over which there was a scuffle, the question of the intoxication of the deceased was immaterial and questions seeking to elicit the fact that the deceased about half an hour before the shooting showed evidence of imbibing spirituous liquors, was properly excluded.

2. *Same; Instructions.*—A charge asserting that if the jury believed that the defendant entertained feelings of affection for the deceased and that these feelings existed up to and after the shooting, they should then have a reasonable doubt as to the existence of malice, etc., was properly refused, since predicating an acquittal upon feelings of affection entertained at the time of the shooting, whereas, murder in the first degree may be committed notwithstanding such affection, and such affections may, upon occasion, inspire murderous intention, as an expression of jealousy.

3. *Charge of Court; Argumentative Instructions.*—A charge asserting that if there are two constructions to be put upon any point in the evidence, one favorable and the other unfavorable to the defendant, the jury must follow the one favorable to the defendant, is properly refused as argumentative, and as invasive of the province of the jury.

4. *Witnesses; Examination; Cross.*—Where the evidence tended to show the defendant's flight soon after the killing, it was permissible to allow questions to be put to the defendant on cross examination seeking explanation of the course of his flight, and the circumstances attending it, down to his arrest in another state.

APPEAL from Dallas Circuit Court.

Heard before Hon. B. M. MILLER.

Freeman Harrell was convicted of murder in the first degree, and he appeals.   Affirmed.

The facts are sufficiently stated in the opinion of the court.   The following charges were refused to the defendant:  "(1) The court charges you, gentlemen of the jury, that if there are two constructions which may be placed upon any point in the evidence, one favorable to the defendant and the other unfavorable, you must fol-

low the construction favorable to him. (2) The court charges you, gentlemen of the jury, that if you believe from the evidence in this case that the defendant, Freeman Harrell, entertained feelings of affection for Nancy Toodles, and that these feelings still existed up to and after the shooting, you should then have a reasonable doubt as to the existence of malice; and if such reasonable doubt exists, you cannot find the defendant guilty of murder."

SAMUEL F. HOBBS, for appellant. The court erred in the several particulars concerning the flight of the defendant, pemitted to be asked the defendant by cross-examination.—*Martin v. The State*, 104 Ala. 78; *Bailey v. The State*, 107 Ala. 151; *Clarke v. The State*, 78 Ala. 474; *Bostick v. The State*, 94 Ala. 45; *Stewart v. The State*, 137 Ala. 33; *Mann v. The State*, 134 Ala. 1; *Brannen v. Henry*, 142 Ala. 698. Counsel discuss written charges refused, but without citation of authority.

ALEXANDER M. GARBER, Attorney General, for the State. The court did not err in permitting the defendant to be asked on cross-examination concerning the course of his flight, and the circumstances attending it, to the time of his arrest.—*Franklin v. The State*, 39 South. 979; *Thomas v. The State*, 100 Ala. 54; *Owens v. The State*, 96 Ala. 120. The court did not err in refusing the charge requested.—*Fonville v. The State*, 91 Ala. 39; *Johnson v. The State*, 102 Ala. 1.

McCLELLAN, J.—The defendant is condemned to die for the murder of a woman, Nancy Toodles. The evidence discloses the prosecution's theory to have been that defendant, inspired by jealousy, shot deceased without semblance of legal excuse or justification. The

defense was that in a scuffle or tussle over a revolver the weapon was discharged, resulting in the woman's death. During the examination in chief of Hatcher, a witness offered by defendant, this question was propounded: "Describe her condition at that time. Did she show any evidence of having imbibed of any spirituous liquors?" The state objecting to the question, the court elicited from witness that the occasion to which the question was related was about half an hour before the woman was shot. The court sustained the objection. The status of fact and circumstance before the jury at the time the quoted question was propounded was only that we have indicated as the prosecution's theory. There was no evidence of self-defense in the case at that time, if indeed, there was at later stages. The court was not required to anticipate that there would be such evidence or such defense. In the then state of the evidence, intoxication vel non of the deceased was wholly immaterial, and the court properly rejected the question.— *Askew v. State,* 94 Ala. 4, 8, 10, South. 657, 33 Am. St. Rep. 83; *Gregory v. State,* 140 Ala. 16, 27, 37, South. 259; *Nichols v. Winfrey,* 90 Mo. 403, 408, 2 S. W. 305. The legitimate office of such testimony is to reflect light upon the "defensive" act of the accused. If his act be not legally defensive, but aggressive, it is obvious that the condition of the assailed, as regards intoxication, is without the issue of guilt vel non; for the killing of one steeped in intoxicants cannot be justified or palliated on account thereof.

The exceptions taken to the allowance of questions propounded to defendant on the cross-examination of him are without merit. The evidence tended to show his flight soon after the tragedy. These questions on the cross sought and elicited explanation of the course of his flight, and the circumstances attending it, even

down to the occasion of his arrest in another state. There was no error in allowing the questions propounded.—*Thomas v. State,* 100 Ala. 53, 14 South. 621; *Franklin v. State,* 145 Ala. 669, 39 South. 979.

The first instruction refused to defendant was faulty in the particular that it invaded the province of the jury.—*Fonville's Case,* 91 Ala. 39, 8 South. 688; *Smith's Case,* 88 Ala. 23, 7 South. 103.

The other instruction was palpably bad. It predicated an acquittal of murder upon feelings of affection entertained, at the time of the shooting, by defendant for deceased. Murder, in the extreme degree, may be committed notwithstanding the existence of such affection, and that it does exist may, upon occasion, inspire the murderous act as an expression of jealousy grounded in an extreme affection.

We discover no error in the record, and hence the judgment must be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and SAYRE, JJ., concur.