(75 South. 176)

KILLEN v. STATE. (8 Div. 471.)

(Court of Appeals of Alabama. March 23, 1917. Rehearing Denied May 15, 1917.)

1. HOMICIDE ⚮157(1)—ADMISSION OF EVIDENCE—PREVIOUS CIRCUMSTANCES.

In a murder trial, where accused claimed the killing was done in self-defense, testimony regarding a difficulty with deceased the night before, and deceased's intoxication at that time, is immaterial, where the only predicate was testimony that a witness smelled something on deceased's breath after the shooting.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 288.]

2. HOMICIDE ⚮300(5)—INSTRUCTIONS—SELF-DEFENSE.

An instruction in a murder trial eliminating the issue of self-defense if accused said or did anything to provoke the difficulty, held erroneous because suggesting that accused's motive, rather than the result of his act, was the determinative factor.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 619.]

3. CRIMINAL LAW ⚮789(8)—INSTRUCTIONS—REASONABLE DOUBT.

An instruction in a murder trial that to be convinced of accused's guilt to a moral certainty

⚮For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

is the legal equivalent of a reasonable doubt, *held* proper.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1846–1849, 1913, 1960, 1967.]

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

Will Killen was convicted of murder, and appeals. Reversed and remanded.

The person charged to have been killed was one Fred Hill, and the defense was self-defense. The following charges were given for the state:

(B) I charge you that sentiment, sympathy, and pity have no place in the jury box. If you believe from the evidence that defendant said anything or did anything to encourage or provoke the difficulty, and you are satisfied from the evidence beyond a reasonable doubt of this fact, you cannot acquit the defendant.

(E) To be convinced of the guilt of defendant to a moral certainty is the legal equivalent of a reasonable doubt.

A. H. Carmichael, of Tuscumbia, and Mitchell & Hughston, of Florence, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Ass't Atty. Gen., for the State.

BROWN, P. J. [1] The particulars of the previous difficulty occurring at midnight on the night before the homicide and the fact of deceased's intoxication at that time were not material. Allsup v. State, 72 South. 599;[1] Gregory v. State, 140 Ala. 16, 37 South. 259. The testimony of the witness Lester to the effect that, "He did not know whether he (Hill) was drinking or not, but he smelled *something* on his breath," when he picked him up after he was shot, does not show that deceased was intoxicated at the time of the fatal difficulty, and was not sufficient as a predicate to make material the deceased's previous intoxication.

[2] Charge B given at the instance of the state has a tendency to inculcate the idea that the motive or purpose prompting the act, rather than the result or effect of the act, would put the accused at fault and cut off the right of self-defense. The law is that he must be free from fault in bringing about the condition that makes it necessary for him to kill in order to save himself from grievous harm or death. Brewer v. State, 160 Ala. 66, 49 South. 336; Langham v. State, 12 Ala. App. 46, 68 South. 504. To cut off the right of self-defense under this doctrine the conduct, act, or word of the accused must have in some degree contributed to produce the condition that made it necessary for him to act in preserving himself from grievous harm or death.

[3] Charge E given for the state asserted a correct proposition of law. Hornsby v. State, 94 Ala. 56, 10 South. 522; 1 Mayf. Dig. 766, § 42. The return to the certiorari shows that charge 65 requested by the defendant was given.

We find no other error in the record.

Reversed and remanded.