(105 So. 435)

### FERGUSON v. STATE. (8 Div. 270.)

(Court of Appeals of Alabama. Aug. 11, 1925.)

**1. Homicide ⊚⇒187—Condition of deceased as to intoxication held improperly excluded.**

In murder prosecution, condition of deceased as to intoxication *held* improperly excluded, where witness had testified to facts tending to show that act of defendant in killing deceased was defensive.

**2. Homicide ⊚⇒339—Error in excluding condition of deceased as to intoxication held not cured.**

In murder prosecution, error in excluding condition of deceased as to intoxication *held* not cured by testimony that deceased was drinking at the time, since defendant was entitled to have fact of intoxication clearly established to the jury, where it was undisputed that deceased provoked the difficulty.

**3. Homicide ⊚⇒146 — Presumption of malice by use of deadly weapon does not arise, where evidence shows that killing was perpetrated without malice.**

While malice is presumed by use of a deadly weapon, such presumption does not arise, where the evidence which shows the killing also shows that it was perpetrated without malice.

**4. Criminal law ⊚⇒758—Charge that jury, in weighing defendant's testimony, might consider fact of his interest, held not erroneous.**

In murder prosecution, charge that, in weighing defendant's testimony, jury might consider fact of his interest, *held* not erroneous as being on the effect of the evidence, where court also charged that defendant's evidence was to be fairly and impartially considered by jury, as they would consider the evidence of any other witness.

**5. Criminal law ⊚⇒822(1) — Court's general charge is to be considered as a whole.**

Court's general charge, when being construed, is to be considered as a whole.

**6. Homicide ⊚⇒199—Testimony whether pistol with which killing was done was concealed held relevant.**

In murder prosecution, testimony whether pistol with which killing was done was concealed was relevant, and might affect the verdict, not within meaning of Code 1923, § 4456, since deceased was assailant, but as any relevant testimony might affect the verdict.

**7. Homicide ⊚⇒300(7)—Charge on self-defense in murder prosecution held properly refused, as being abstract.**

In murder prosecution, charge that, if a man has been threatened by another, he had a right to arm himself for self-protection, etc., *held* properly refused, as being abstract, where defendant testified that he armed himself before deceased came to his place of business, and there was no evidence of a former difficulty, or threats against defendant by deceased.

Appeal from Circuit Court, Limestone County; James E. Horton, Judge.

Sherman Ferguson was convicted of manslaughter in the first degree, and he appeals. Reversed and remanded.

These charges were refused to the defendant:

"J. I charge you, gentlemen of the jury, that if a man had been threatened by another, and he honestly believes, and there are reasonable grounds for him to believe, that the deceased intended to take his life, or inflict upon him great bodily harm, then such person would have a right to arm himself for self-protection, provided his purpose was merely to defend himself from an assault or an attack by such person so threatening him. And I further charge you that, under such circumstances, a person thus threatened would have the right to go even to places where the party who had threatened his life then was, if such going was upon or for the purpose of attending to business. In other words, a person thus threatened does not have to abandon his business and secrete himself, but has the right, under the circumstances above set forth, to arm himself for self-protection, and go where his business calls him, even though it may be that the person who threatens his life is at that particular place."

"(8) The court charges the jury that whether the pistol with which the killing was done was concealed or not cannot affect your verdict in this case."

J. G. Rankin, of Athens, for appellant.

Defendant's requested charges 8 and J should have been given. Scales v. State, 96 Ala. 69, 11 So. 121; Montgomery v. State, 160 Ala. 7, 49 So. 902.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Counsel discuss the questions raised, but without citing authorities.

BRICKEN, P. J. The defendant was indicted and tried for murder in the first degree. The jury found defendant guilty of manslaughter in the first degree, and he was sentenced to the penitentiary for a period of five years.

[1, 2] The only question arising with respect to the testimony arose on the cross-examination of the state witness, Ferrell McKee. The defendant asked the witness this question: "Did you know whether or not Mr. Toone was drinking at that time?" The court erred in sustaining objection to this question. The witness had testified to facts tending to show that the act of the defendant was defensive, and, where such is the case, the condition of the deceased as to intoxication is material. Neilson v. State. 40 So. 221;[1] Barden v. State, 145 Ala. 1, 40

---

[1] Reported in full in the Southern Reporter; not reported in full in 146 Ala. 683.

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

So. 948; Wharton's Crim. Ev. vol. 11, p. 1757 (10th Ed.); Harrell v. State, 166 Ala. 14, 52 So. 345; Killen v. State, 16 Ala. App. 31, 75 So. 176. It is true that one other witness, Harold Blackwell, was permitted without objection to testify that the deceased was drinking at the time, but this did not cure the error previously committed. The defendant was entitled to have this fact, if it were a fact, clearly established to the jury. If the deceased was intoxicated at the time, this fact would shed light on the act of the defendant, and also upon the nature and character of the assault made upon him by deceased. It is undisputed that the deceased provoked the difficulty, not only by opprobrious words, but by a violent assault upon the defendant at his place of business.

[3-5] The defendant excepted to several portions of the oral charge of the court. The first exception related to the statement by the court to the effect that malice was presumed by the use of a deadly weapon. The court went further, and qualified this by stating that this presumption did not arise where the evidence which shows the killing also shows that it was perpetrated without malice. The charge of the court with respect to this particular question was a clear, precise, and able statement of the law. The court instructed the jury that, in weighing the testimony of the defendant, they might consider the fact of his interest. This was not on the effect of the evidence, and was a correct statement of the law. The court charged the jury in this connection:

"The defendant's evidence should be fairly and impartially considered by you, like you would consider the evidence of any other witness."

The defendant excepted to certain isolated portions of the court's general charge; but when the charge is considered as a whole, as it must be, it is fair, clear, and free from error.

[6] The court will not be put in error for refusing charge 8; it was too broad. Whether the pistol was concealed or not was relevant testimony; and may affect the verdict— not within the meaning of section 4456 of the Code in this case, as it was conceded that the deceased was the assailant—but as any relevant testimony *may* affect the verdict.

[7] Refused charge J, was abstract. The defendant testified that he armed himself before the deceased came to his place of business, and there is no evidence of a former difficulty or threats against the defendant by deceased.

For the error indicated, the cause is reversed and remanded.

Reversed and remanded.