(113 So. 391)

### GURLEY v. STATE. (8 Div. 960.)

Supreme Court of Alabama. June 9, 1927.

1. **Homicide** ⨺203(3)—**Predicate held sufficient for admission of deceased's dying statement that he did not believe defendant would have killed him for nothing.**

In murder prosecution, where sister of deceased was with him after the wound was inflicted, her testimony that more than once he said he was going to die *held* sufficient predicate for testimony of deceased's dying declarations that if defendant could see him and see how he was suffering he did not believe he would have killed him for nothing.

2. **Homicide** ⨺203(2)—**To authorize admission of deceased's dying declarations, it is unnecessary that he make specific statement of consciousness of impending death.**

To authorize admission of testimony of statements of deceased as dying declarations, it was not necessary that he should have made specific statement to the effect that he was conscious of impending death.

3. **Homicide** ⨺216—**Deceased's dying declarations being admissible, evidence that several times he had been shot worse than fatal shooting held properly excluded.**

Where sister's testimony as to deceased's statement that he was going to die made his dying declarations admissible, excluding testimony of witness that deceased had previously had rows in which he had been shot several times worse than the fatal shooting *held* proper.

4. **Witnesses** ⨺398(2)—**Sustaining objection to impeaching question which differed from predicate laid to impeach witness held not error.**

In murder prosecution, where defendant laid predicate and offered to impeach witness who testified he saw the shooting, there was no error in excluding the impeaching question where it differed from the predicate laid.

5. **Witnesses** ⨺240(2)—**Allowing state to ask leading questions of its witness was within trial court's discretion.**

In murder prosecution, it was within discretion of trial court to allow state to ask leading questions of its witness.

6. **Witnesses** ⨺283—**Allowing recall of defendant's witness by state and permitting state to ask him leading questions not in rebuttal held discretionary.**

In murder prosecution, where defense witness was examined and cross-examined by state, permitting state to recall witness and ask questions deemed by defendant to be leading and not in rebuttal was within trial court's discretion.

7. **Criminal law** ⨺656(2)—**Court's statement, on defendant's objection, that he is your witness, held not unfavorable reflection on witness, but reason only for allowing examination.**

In murder prosecution, where defendant's witness was after cross-examination recalled by state and state permitted to ask questions deemed by defendant to be leading and not in rebuttal, statement by court, in response to defendant's objections, that he is your witness, *held* not unfavorable reflection on witness, but statement of reason for allowing examination to proceed.

8. **Witnesses** ⨺283—**Questions to defendant's witness recalled by state, whether in rebuttal or leading, were within court's discretion.**

In murder prosecution, where state recalled defense witness after examination and cross-examination, questions to witness whether in rebuttal or whether leading were within court's discretion to allow.

9. **Criminal law** ⨺789(14)—**Charge to acquit unless evidence excluded every reasonable supposition but that of guilt held proper.**

In murder prosecution, trial court properly refused defendant's charge to acquit unless the evidence excluded from jury's mind every reasonable supposition but that of guilt.

10. **Criminal law** ⨺789(15)—**Explanation that probability of defendant's innocence meant that there was more evidence of innocence than of guilt held not error.**

In murder prosecution, where court gave defendant's charge that probability of innocence is a just foundation for a reasonable doubt of guilt, and therefore for his acquittal, there was no error in court's explanation that probability of defendant's innocence meant that there was more evidence of innocence than of guilt.

11. **Criminal law** ⨺829(18)—**Refusal of charge on reasonable doubt, covered by defendant's given charge and oral charge, held not error.**

In murder prosecution, there was no error in refusal of defendant's charge on reasonable doubt, which was covered by special charge given for defendant and by court's oral instruction.

12. **Criminal law** ⨺829(1)—**Refusal of charge was not error, where proposition thereof in better form was given in another charge.**

In murder prosecution, refusal of defendant's charge was not error, where proposition of charge in better form was given in another charge.

---

⨺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

13. **Criminal law** ⊙⇒922(7)—**Exceptions to charge reserved for first time in hearing of motion for new trial cannot be considered.**

Exception to court's oral charge in murder prosecution, reserved for the first time on hearing of motion for new trial, cannot be considered.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Rance Gurley was convicted of murder in the second degree, and he appeals. Affirmed.

Charge 10, refused to defendant, is as follows:

"Gentlemen of the jury, you should acquit the defendant unless the evidence excludes from your mind every reasonable supposition but that of guilt."

Defendant's given charge 3 is as follows:

"A probability of defendant's innocence is a just foundation for a reasonable doubt of his guilt, and therefore for his acquittal."

After the reading of the foregoing charge the court stated:

"I explain that charge to you by saying that 'a probability of defendant's innocence' means that there is more evidence of his innocence than there is of his guilt, and therefore for his acquittal."

C. L. Peck, of Albany, and J. Marvin Kelley, of Hartselle, for appellant.

There was no sufficient predicate for the admission of the statement by the deceased to his sister that defendant shot him. Justice v. State, 99 Ala. 180, 13 So. 658; Titus v. State, 117 Ala. 16, 23 So. 77. The refusal of charge 10 was reversible error. Griffin v. State, 150 Ala. 49, 43 So. 197; McCutcheon v. State, 5 Ala. App. 96, 59 So. 714. The court's explanation of defendant's given charge 3 was error to reverse. Whitaker v. State, 106 Ala. 30, 17 So. 456; Bones v. State, 117 Ala. 138, 23 So. 138; Page v. State, 17 Ala. App. 70, 81 So. 848. Counsel argue for error in other rulings, but without citing additional authorities.

Charlie C. McCall, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAYRE, J. [1-3] Appellant was convicted of murder in the second degree. There was proof that he (defendant) killed deceased by shooting him with a pistol. The shot took effect in the right side of deceased, near the hip, about the seventh or eighth intercostal space. The sister of deceased was with him after the wound was inflicted and testified that more than once deceased said that he was going to die; that Rance [defendant] had shot him and that "if he (Rance) could see him, and see how he was suffering he didn't believe he would have killed him for nothing." Deceased died five days later. The objection to this testimony was in general terms, and seems to have proceeded upon the theory that no sufficient predicate for the admission of a dying declaration had been laid. Such, at any rate, is the argument in brief of counsel for defendant, appellant, in this court. The predicate was sufficient. It was not necessary that deceased should have made a specific statement to the effect that he was conscious of impending death. The circumstances and the statements made by deceased very clearly warranted the inference that deceased felt that he was fatally wounded and would die. That was enough. Gerald v. State, 128 Ala. 6, 29 So. 614. Nor did the court commit error in excluding from the jury, or from its own consideration—if the proposed evidence was intended for the court—statements by the witness that deceased had previously had several "rows" in which he had been wounded, or that "he had been shot several times, worse than that," as defendant offered to show. Whether such experiences were calculated to generate a spirit of optimism which might be expected to survive the wound inflicted upon him by defendant, that at best was but a speculation which meant nothing in the presence of the circumstances in evidence.

[4, 5] Will Peck testified for the state saying, among other things, that he saw the shooting. Defendant laid a predicate and offered to impeach the witness by one Dodson; but an examination of the record discloses material differences between the predicate laid and the impeaching question. There was therefore no error in that ruling of the court which sustained an objection to the question asked of the impeaching witness. The state was allowed to ask several leading questions of this witness; but that was a matter within the discretion of the trial court, the witness being competent and the subject-matter of the proposed questions being relevant and material.

[6-8] Essex Johnson was examined as a witness on behalf of defendant and cross-examined by the state. Afterwards the witness was recalled by the state, and, over defendant's objection, the state's solicitor was permitted to ask questions deemed by defendant to be leading and not in rebuttal. This method of procedure is, ordinarily, within the discretion allowed to trial courts; nor does it appear in this case that the course adopted by the court worked any injustice to defendant. The court, responding to one of defendant's objections, said: "He is your witness." Defendant has construed this to mean an unfavorable reflection by the court on his witness with possible or even probable effect upon the jury. But we do not

so interpret the court's remark, nor do we think it reasonable to infer that the jury construed the remark as in disparagement of defendant's witness. The remark in question was nothing more than the court's statement of its reason for allowing the examination to proceed along the line adopted by state's solicitor, and even if the court was mistaken as to the reason assigned, no sufficient ground for a reversal appears. The questions, whether in rebuttal or not, and their form, whether leading or not, it was within the discretion of the court to allow, and, we repeat, that discretion is not to be reviewed unless for abuse, which, in this case, does not appear. For these reasons, stated at unnecessary length, we find no reversible error at this point.

[9] Charge 10, refused to defendant, at one time had the indorsement of this court as a correct statement of law; but in our later decisions its refusal has been approved. Smith v. State, 197 Ala. 203, 72 So. 316.

[10] The court committed no error in its explanation of charge 3 given at the request of defendant. The explanation was in substance correct, for that is accounted probable which has more, that is, the greater weight, of evidence for than against it.

[11] Charge 2, refused to defendant, was a reasonable doubt charge and was covered by special charge 4 given for defendant and by the court's oral instruction to the jury.

[12] Defendant's charge A was refused without error. The proposition of this charge, in better form, was given in the charge marked A-2 on the margin of the record and in the court's oral charge.

[13] Defendant argues certain exceptions to the court's oral charge. These so-called exceptions were reserved for the first time on the hearing of the motion for a new trial. Needless to say, defendant can take nothing by such exceptions. They should have been reserved at the trial and before the jury retired so that, in the event of error, the court might have an opportunity for correction.

We have examined the record as the statute requires without finding error to reverse. Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.