72 So.2d 846

## NIXON v. STATE.

### 2 Div. 337.

Supreme Court of Alabama.

May 20, 1954.

Thos. F. Seale, Jr., Livingston, for appellant.

Si Garrett, Atty. Gen., and Wm. H. Sanders, Asst. Atty. Gen., for the State.

MERRILL, Justice.

The appellant John Nixon alias John Nix alias John Nicholson was indicted for murder in the first degree in that he was charged with having killed Aubrey Barfield by shooting him with a gun. The jury found appellant guilty as charged and fixed

his punishment as life imprisonment. Judgment and sentence were in accord with the verdict. A motion for a new trial was overruled and appellant prosecutes this appeal.

The shooting occurred on a Sunday afternoon in the spring of 1952 at the home of the witness John Brooks in the Town of York, Alabama.

The evidence showed that there had been a previous argument or difficulty, apparently over money, between the deceased Aubrey Barfield and the defendant John Nixon. Later the defendant was told that Barfield was "looking for him" and that he had a gun. Nixon went to the home of John Brooks where he had previously left his own gun, a 22 caliber repeating rifle, took it and walked to a railroad track, which ran along one side of John Brooks' house and was approximately 18 feet from the house. He was sitting on the track talking with two acquaintances when a taxi driver Rex Gibson, his wife, his mother and Barfield drove up to John Brooks' house. Gibson called John Brooks out to the front of the taxi to collect a debt which John Brooks owed him. Barfield had not requested to be driven to John Brooks' home. He had a rifle with him in the taxi. When Barfield saw the defendant on the railroad track, he got out of the taxi with his rifle and started toward the defendant. The defendant got up from the track with his rifle and walked rapidly toward Brooks' house along a path which ran to the side of the house opposite that where the taxi was parked. In order to get to the house from the railroad track defendant first had to climb a short distance up a small slope of the bank. The terrain was open, except for some weeds growing along the path. As the defendant reached the south corner of the Brooks' house, Barfield had turned the north corner and was coming toward him. At this point defendant turned and fired two shots, killing Barfield. After the first shot Barfield dropped his gun and held his side and defendant then fired the second time. Thereupon he ran back toward the railroad tracks and was later apprehended in another state.

There were eyewitnesses to the shooting and defendant himself admitted it but contended that he fired in self defense. It was brought out that there was a ravine and a wooded area on the side of the railroad tracks away from the house, which were closer to defendant's original position than was the house, and which would have afforded cover and protection. One witness testified that the defendant was not "hemmed in" at his position on the tracks. The defendant testified in his own behalf but did not testify that he was in fear of his life or that he was unable to retreat without increasing his peril. In fact he stated that he went toward the house voluntarily and snapped off the safety catch on his rifle as he was walking toward the house and Barfield. Barfield's body lay where it fell and no one touched it before the arrival of the undertaker who pronounced Barfield dead.

Appellant raises 31 points in which it is urged that the court committed reversible error. Some can be grouped together for brevity and convenience.

■ The record does not show any exception to the court's oral charge. Under such circumstances there is nothing for us to review. Reedy v. State, 246 Ala. 363, 20 So.2d 528.

The court gave all the written charges requested by the defendant, except three, two of which were the affirmative charge and the other incorrectly stated the law dealing with self defense. This action was proper.

■ The mere allegations in the motion for a new trial alleging that the jury was not kept together and its bailiff had been active in the investigation of the case are not supported by any objection or reference in the record or in the motion for a new trial and therefore there is nothing before us for review in this connection. Naugher v. State, 241 Ala. 91, 1 So.2d 294, 310; Harris v. State, 233 Ala. 196, 172 So. 347.

The other objections raised were concerned with rulings of the trial court on the evidence.

76

One group had to do with questions which the court first ruled were objectionable but later allowed the witness to answer. We are satisfied that no injury resulted therefrom to the defendant.

 Mrs. Gibson, the State's first witness, was asked on cross-examination if the deceased was drunk or drinking when he rode with her and her husband to John Brooks' house and the court sustained the objection to the question. At this particular stage of the trial, what was said in Harrell v. State, 166 Ala. 14, 52 So. 345, 346, is apt here:

"* * * There was no evidence of self-defense in the case at that time, if indeed, there was at later stages. The court was not required to anticipate that there would be such evidence or such defense. In the then state of the evidence, intoxication vel non of the deceased was wholly immaterial, and the court properly rejected the question. * * *"

The defendant objected to and moved to exclude the testimony of the undertaker as to the cause of death. His testimony was properly admitted. Phillips v. State, 248 Ala. 510(5), 28 So.2d 542.

The undertaker was also allowed to testify that the rifle found lying across the body of deceased was empty and there was no ammunition about the body. This was relevant. Pynes v. State, 207 Ala. 395, 92 So. 663.

The father of deceased was permitted to testify that deceased had a crippled arm. The defendant had pleaded self defense and this testimony was admissible to rebut defendant's theory. Spelce v. State, 20 Ala.App. 412, 103 So. 694.

Another group of exceptions concerns certain questions propounded to defendant or his witnesses concerning remarks the deceased had made concerning defendant earlier that day. Originally these questions were not in proper form. The record shows that all the information sought by these questions was finally admitted. The trial court will not be put in error for requiring the questions to be in proper form.

The verdict was amply supported by the evidence and the motion for new trial was properly overruled.

As required by Code of 1940, Title 15, § 389, we have considered all questions apparent on the record or raised by counsel, but find no reversible error, and the judgment of the circuit court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.