The appellant was indicted and convicted for robbery. In accordance with the verdict and punishment fixed by the jury the trial court entered judgment and sentenced the appellant to thirty-five years in the penitentiary.
The appellant sets forth four reasons why his conviction should be reversed: (1) The admission into evidence of a photograph of the victim's bandaged head; (2) the admission into evidence of a photograph depicting blood stains on the floor of the grocery store; (3) the insufficiency of the evidence; and (4) the admission into evidence of a confession by the appellant.
The facts in this case are simple. Although the sufficiency of the evidence has been placed in issue by a motion to exclude the state's evidence, a request for an affirmative charge, and a motion for a new trial, a detailed narration of the testimony is not necessary.
The victim of the robbery, Lucille Trimble, had seen the appellant in her grocery store on several prior occasions. She testified that at 1:00 P.M. on December 19, 1975, the appellant came into her store, handed her a piece of paper with a name on it and then "landed" or hit her by the side of the head. Mrs. Trimble cried out, "Oh, Lord, have mercy! Please don't kill me." The appellant hit her on the head again and she started bleeding profusely. She attempted to run but fell. As she fell the appellant hit her a third time.
The appellant then went to the cash register and took all the paper money. He retrieved a large handbag from another room in the store and ran. The appellant took at least sixty dollars in currency.
Mrs. Trimble called the police from her sister's house and was taken to the emergency room of the hospital. Two wounds on her head required stitches and bandages were placed over these two areas. From the emergency room Mrs. Trimble went to the police station and recounted the events of the robbery.
The appellant was arrested the day of the robbery and gave a signed confession after being advised of his constitutional rights. This statement by the appellant acknowledged his guilt in the crime and was consistent with Mrs. Trimble's account of the robbery.
After giving the police this statement, the appellant showed them where he had hidden the money and the clothes he was wearing when he committed the robbery.
The appellant did not testify and only produced one character witness on his behalf.
 I
Gary Knight is a sergeant with the Opelika Police Department. He testified that he took four photographs the day of the robbery in connection with his investigation of the crime. After proper identification, three of these photographs were admitted into evidence. The appellant objected to the admission of two of these photographs. One photograph depicted the victim's feet and some blood stains on the floor of the grocery store. Another photograph depicted two small bandages on the back of the victim's head. A third photograph which was not objected to showed Mrs. Trimble pointing to the cash register from which the money was taken. The fourth photograph, to which the trial court sustained the objection of the appellant and did not allow into evidence, depicted a blood splattered couch in the back of the store.
The appellant contends that the admission of the two objected to photographs was misleading and prejudicial to the accused.
The general rule in this area is that photographs are admissible in evidence if they tend to prove or disprove some disputed or material issue, to illustrate or elucidate some other relevant fact or evidence, to corroborate or disprove some other evidence offered or to be offered. Their admission is within the sound discretion of the *Page 1095 
trial judge. Fletcher v. State, 291 Ala. 67, 277 So.2d 882
(1973); 6 Alabama Digest, Criminal Law, Number 438 et seq. In Alabama, this rule favors the admission of photographs and affords the trial court a wide and liberal latitude in the admission of photographs illustrative of a criminal transaction and the surrounding circumstances. Lewis v. State, Ala. App.,339 So.2d 1035, cert. denied, Ala., 339 So.2d 1038 (1976).
Photographs of the scene of the crime are admissible in evidence. Farris v. State, 57 Ala. App. 390, 328 So.2d 640
(1976); Chavers v. State, 57 Ala. App. 268, 327 So.2d 762
(1976); Snow v. State, 50 Ala. App. 381, 279 So.2d 552, cert. denied, 291 Ala. 798, 279 So.2d 558 (1973). Here the photograph depicting blood of the robbery victim on the floor of the store that was robbed was properly admitted into evidence. Green v.State, 252 Ala. 513, 41 So.2d 566 (1949).
To constitute robbery, the one robbed must be deprived of his property by force or fear. Henderson v. State, 172 Ala. 415,55 So. 816 (1911). The blood stained floor in the store where the robbery was committed tended to show that some violence was involved and the gravity of the force employed. Additionally, the picture was illustrative and in corroboration of the victim's testimony that she was bleeding and bleeding profusely ("blood started pouring"). Mrs. Trimble testified that after being hit she "went running from him" and fell. Sergeant Knight testified that this picture was one of the photographs taken of the interior of the grocery store. The photograph tended to corroborate the victim's testimony concerning the commission of the crime. As such, it was relevant and probative. It was therefore property admitted by the trial court.
The admission of the photograph depicting two bandages on the victim's head was also proper. The size of the bandages was not such that that characteristic alone could be said to have prejudiced or misled the jury. While the photograph did not depict the actual wounds, it did shed light on their location.Brown v. State, Ala. App., 331 So.2d 820 (1976). As such, the photograph was relevant to a material issue.
The appellant cites the case of Birmingham Baptist Hospitalv. Blackwell, 221 Ala. 225, 128 So. 389 (1930) for the proposition that bandaged wounds have no probative value. The situation presented here bears no analogy whatever to that presented in Birmingham Baptist Hospital. In that case the Alabama Supreme Court held that the admission of a photograph representing a female plaintiff lying in bed, with an abdominal wound covered with cloths, was prejudicial error in an action for the negligent infliction of harm. There the plaintiff was a young and attractive woman and the court noted that the photograph would very likely tend to distract and appeal to the sympathy of the jury because of the victim's age and beauty. Also, in that case, there was another photograph introduced in evidence which showed the wound itself.
Here the objected to photograph merely depicts the back of the victim's head. We have studied the photograph and do not think it would tend to elicit any extraordinary sympathy for the victim. We certainly do not see how its admission was prejudicial to the appellant.
 II
The appellant also alleges that the trial court committed reversible error in the admission of the confession of the appellant. The central contention raised in this regard is that the appellant did not make a free and intelligent waiver of his rights because the appellant was "slow" and illiterate. Specifically there was testimony that the appellant was "slow", was below normal intelligence, could only read and write a little, had only completed the eighth or ninth grade in school, could not spell the words "rights" and "waiver", could not give a definition of "understand" at trial, and did not know what "waiver" and "to waive" mean.
At a hearing to determine the admissibility of the confession held outside of the presence of the jury, the state presented *Page 1096 
testimony that the appellant was advised of his constitutional rights. These rights are commonly referred to as the "Miranda" rights and were in compliance with Miranda v. Arizona,384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). There was testimony that both the rights and the waiver of rights form were read to the appellant; that the appellant read them both and that he stated he understood them.
We are of the opinion that the confession of the appellant was freely and voluntarily given. The issue raised by the appellant has previously been answered by the Alabama Supreme Court in Elrod v. State, 281 Ala. 331, 202 So.2d 539 (1967). While the accused's intelligence, character, and situation at the time of the confession are important considerations in determining whether that confession was voluntary, the fact that the accused was of tender age or weak intellect will not alone render the confession inadmissible in evidence as involuntary, Elrod, supra; or where the accused was of weak mentality, feeble-minded, under mental stress or an illiterate,Elrod, supra; or was not in full possession of his mental faculties, Lokos v. State, 278 Ala. 586, 179 So.2d 714, vacated in 408 U.S. 935, 92 S.Ct. 2854, 33 L.Ed.2d 749, on remand,290 Ala. 122, 274 So.2d 303 (1965); or that the accused was an "ignorant" man, Porter v. State, 55 Ala. 95 (1876).
A confession of crime is not inadmissible merely because the accused, who was not insane, was of less than normal intelligence. Fikes v. Alabama, 352 U.S. 191, 77 S.Ct. 281,1 L.Ed.2d 246, rehearing denied, 352 U.S. 1019, 77 S.Ct. 553,1 L.Ed.2d 561 (1957) (accused left school at age 16 while still in the third grade; his mother testified that he had always been "thickheaded"; the court commented that he was "certainly of low mentality, if not mentally ill"); Hoober v. State,81 Ala. 51, 1 So. 574 (1886) (accused was a person of "weak mental capacity"); Peck v. State, 147 Ala. 100, 41 So. 759 (1906) (a "weak-minded" person). Generally, see Annotation: mental subnormality of accused as affecting voluntariness or admissibility of confession. 69 A.L.R.2d 348. Thus while the fact that a confession was made by an illiterate or one with below normal intelligence is to be taken into consideration and viewed as a factor indicating that the confession was lacking in voluntariness, a confession is not inadmissible merely because the accused was of less than normal intelligence.
The appellant also argues that the way the waiver of rights form was read to the appellant confused him and rendered his confession involuntary. The waiver of rights form is as follows:
 "I have read this statement of my rights and I understand what my rights are. I am willing to make a statement and answer questions. I do not want a lawyer at this time. I understand and know what I am doing. No promises or threats have been made to me and no pressure or coercion of any kind has been used against me."
A detective read this form to the appellant exactly as it appears above. The appellant asserts that this was confusing because the form was read in the first person singular pronoun (I) and not in the second person (you). Defense counsel argues that because of this the appellant did not know who was waiving his rights. In warning an accused of his rights under Miranda, although the warning must be complete and accurate, no precise language is required so long as the substance of the Miranda
warning is given. Jones v. State, 47 Ala. App. 568,258 So.2d 910 (1972). Likewise, no set pattern for the manner of waiving the rights is prescribed. Lloyd v. State, 45 Ala. App. 178,227 So.2d 809 (1969); Dotson v. State, 288 Ala. 727, 265 So.2d 162
(1971). The waiver of rights was signed by the appellant. Although the appellant testified that he was "confused" and "nervous" when he was placed under arrest and being questioned, there is no testimony to indicate that the appellant was confused or in doubt as to what he was waiving or who was waiving his rights. The argument of the appellant is without merit when considered in light of the totality of the circumstances surrounding the giving of the confession. *Page 1097 
 III
The state made out a prima facie case of robbery. The testimony of the victim alone was sufficient to accomplish this. Godbee v. State, 56 Ala. App. 174, 320 So.2d 107 (1975). There was no defense presented. The state's evidence was sufficient for submission to the jury, and if believed, would support a conviction for robbery. There was no error in the trial court's refusal to grant the appellant's motion to exclude the state's evidence in this case. Edson v. State,53 Ala. App. 460, 301 So.2d 226 (1974); Evans v. State, 39 Ala. App. 404, 103 So.2d 40, cert. denied, 267 Ala. 695, 103 So.2d 44
(1958).
Having reviewed the entire record as required by law and finding no error adverse to the substantial rights of the appellant, we are of the opinion that this case is due to be and is hereby
AFFIRMED.
All Judges concur.