The defendant was indicted for the first degree murder of Clara Mae Hargrove. Alabama Code 1975, Section 13-1-70. A jury found him guilty of murder in the second degree. Sentence was twenty years' imprisonment.
 I
The failure of the trial judge to give certain written charges requested by the defendant was not properly brought to the attention of that court and has not been preserved for review in this Court. The exceptions taken at the close of the court's instructions to the jury challenged only portions of the oral charge. No mention was made of the refusal of the requested charges. Allen v. State, 414 So.2d 989 (Ala.Cr.App.), affirmed, Ex parte Allen, 414 So.2d 993 (Ala. 1982). Proper objections to the trial judge's failure or refusal to give the defendant's requested written instructions may not be raised for the first time on the motion for new trial. See Gurley v.State, 216 Ala. 342, 113 So. 391 (1927); Hewitt v. State,389 So.2d 157 (Ala.Cr.App. 1980).
 II
The trial judge properly refused to allow the defense to prove the alcohol content of the deceased's blood. "The accused in homicide may prove the intoxication of the deceased as tending to show deceased's aggressive and fearsome conduct at the time of the homicide, provided evidence is offered which warrants a finding of self-defense." C. Gamble, McElroy'sAlabama Evidence, Section 60.03 (1)(c) (3rd ed. 1977), citingNixon v. State, 261 Ala. 74, 72 So.2d 846 (1954); Harrell v.State, 166 Ala. 14, 52 So. 345 (1910); Ferguson v. State,21 Ala. App. 116, 105 So. 435 (1925).
Here there is no evidence which would support a reasonable inference of self-defense. Although one witness told the police that the defendant was "talking loud" to the deceased, his testimony was clear and uncontradicted that the deceased and the defendant had not been and were not arguing prior to or at the time of the shooting.
The State's evidence reveals that the homicide occurred while the deceased and the defendant were alone in a bathroom. After a shot was heard, the defendant came out and said that he had "accidentally" shot the deceased. Later, he said that someone else had shot the deceased while she stood facing the window. The deceased was killed by a "contact wound" to her forehead.
The defendant presented evidence that the day before the shooting the deceased, who lived with the defendant on weekends, was seen removing a pistol from the headboard of the defendant's bed. The murder weapon was never found.
Considering the evidence, and especially the defendant's statements, if the theory of the killing is that death resulted from the accidental discharge of the pistol over *Page 835 
which there had been a scuffle, the question of the intoxication of the deceased was "wholly immaterial" and the questions seeking to elicit such evidence were properly overruled. Harrell, 166 Ala. at 16, 52 So. 345.
Also, the theory that someone else fired the fatal shot involves no element of self-defense. Shepard v. State,51 Ala. App. 66, 282 So.2d 418 (Ala.Cr.App. 1973); Vander Wielen v.State, 47 Ala. App. 108, 251 So.2d 240, cert. denied, 287 Ala. 742, 251 So.2d 246 (1971).
Since there was no evidence to support any theory of self-defense, whether or not the deceased was intoxicated was immaterial.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.