BOWEN, Presiding Judge.
The appellant, John Patterson Hunter, was convicted of manslaughter and was sentenced to ten years’ imprisonment (that sentence was split and he was ordered to serve two years and was placed on five years’ probation). On this direct appeal from that conviction, the appellant contends that the trial court’s instructions to the jury on the presumption of intent and on self-defense were erroneous. The appellant’s trial counsel announced “satisfied” with the oral charge. R. 128. There was no objection as required by Rule 21.2, A.R.Crim.P.
Counsel appointed to represent the appellant on appeal filed a motion for a new trial. See Ex parte Jackson, 598 So.2d 895, 897 (Ala.1992). Although the motion for new trial did raise the issues concerning the oral instructions of the trial court, “objections to portions of the court’s oral charge cannot be raised for the first time on motion for new trial.” Harris v. State, 412 So.2d 1278, 1282 (Ala.Cr.App.1982). See also Duncan v. State, 436 So.2d 883, 906 (Ala.Cr.App.1983) (“even if the manner in which the trial court delivered its oral charge and the subsequent requested charge was error, which we do not hold that it was, appellant’s objections[, which were raised in his motion for a new trial,] came too late”) (emphasis omitted), cert. denied, 464 U.S. 1047, 104 S.Ct. 720, 79 L.Ed.2d 182 (1984), overruled on other grounds, Jackson v. State, 516 So.2d 726 (Ala.Cr.App.1985). “Proper objections to the trial judge’s failure or refusal to give the defendant’s requested written instructions may not be raised for the first time on the motion for new trial. See Gurley v. State, 216 Ala. 342, 113 So. 391 (1927); Hewitt v. State, 389 So.2d 157 (Ala.Cr.App.1980).” Coleman v. State, 420 So.2d 833, 834 (Ala.Cr.App.1982).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.