---

## PARKE vs. THE STATE.

[INDICTMENT FOR BURGLARY.]

1. *Confessions of guilt; defendant, when entitled to call for whole of.*—In criminal cases, if the State relies upon the confession of a defendant, he is entitled, on cross-examination, to bring out all that he said, at the same time, on the same subject.

2. *Same; jury may credit part and discredit part of.*—Juries are not bound to give the same credit to every part of a defendant's confession, but may believe that which makes against him, and disbelieve that which makes

in his favor; for this reason too great strictness ought not to be observed in limiting the cross-examination of witnesses in such cases.

APPEAL from the Criminal Court of Dallas.
Tried before Hon. GEO. H. CRAIG.

The appellant was convicted of burglary in a dwelling house and sentenced to confinement in the penitentiary for three years.

On the trial, the owner of the house testified that on the Sunday on which his house was broken into he went to church, locking up his dwelling house, and leaving defendant, who was in his service, and a nephew, seventeen years old, in the yard. On his return he found the house broken and entered through a window, and that his shot gun, which was left in the house, was missing. "The next day witness and a Mr. Cater met the defendant in the road, (they not having been able to find defendant before that,) a few miles from Selma, and witness, without using any threats, or offering any inducements, asked defendant where witness' gun was. The defendant replied that he had left it at a house behind him and that he would return with witness and Cater and get it. He returned with witness and Cater to the house of one Phillips, to whom defendant said he had sold the gun, called Phillips out, took witness' gun from Phillips and returned him some money, the amount of which witness did not recollect. The counsel for the defendant, on cross-examination, asked the witness to state all the defendant said at the time witness and Mr. Cater met the defendant in the road, when witness asked defendant where his (witness') gun was. The court refused to permit the witness to state all the defendant said at the time referred to, and the defendant excepted."

SATTERFIELD & YOUNG, for appellant.—The court erred in refusing to allow the witness to state all that the defendant said at the time of the alleged confession.—Greenleaf on Ev. I, § 218; *Chambers v. The State*, 26 Ala. 59; *Nelson v. Iverson*, 24 Ala. 9.

JOHN W. A. SANFORD, Attorney-General, *contra.*—It is conceded that when the State proves a part of the confession of the accused, he can prove the remainder of the conversation on the same subject.—*Bob v. The State*, 32 Ala. 560. But in this case, the question was too broad. Instead of limiting the conversation to what was said in regard to the gun, and the matters involved in the confession, the question was concerning every thing that was said on the occasion, whether it referred to the crime or not.

The breadth of the question would have permitted an answer that might have had no connection with the subject-matter of the confession; and not being parts of the *res gestæ* of the transaction could not possibly have been properly admitted.—*Taylor v. The State*, 42 Ala. 529.

PECK, C. J.—In a criminal case, if the State relies upon a confession of the defendant to show his guilt, he is entitled, on cross-examination, to bring out all that was said, at the same time, on the same subject.—Greenleaf Ev. I vol. § 218. If the court refuses to permit this, it is an error, for which the conviction will be reversed.

In this case the State relied mainly on the confession of the accused, made to the owner of house, in regard to a gun which was in the house at the time it was broken and entered, and which gun defendant said he had sold to one Phillips, to whose house the defendant and the witness went and recovered the gun. This confession was made in the road, a few miles from Selma, where witness and a Mr. Cater met the defendant.

On cross-examination, defendant's counsel asked the witness to state all the defendant said at the time the witness and Mr. Cater met the defendant in the road, and asked defendant where his gun was. Without any objection, on the part of the prosecuting attorney, as far as the bill of exceptions shows, the court, of its own motion, refused to allow the witness to state all that the defendant said at the time referred to, and he excepted.

We think the court should have suffered this question

to be answered. It referred to what the defendant said, at the same time and place at which his confession was made, and, fairly interpreted, to the same subject-matter. It was proper that the jury should have the entire confession before them, otherwise injustice might be done to the defendant.

Although juries are not bound to give the same credit to every part of a defendant's confession, but may believe that which makes against him, and disbelieve that which makes for him, yet he has a right to have it all before the jury, that it may all be considered together. For these reasons too great strictness ought not to be observed in limiting the examination of witnesses in such cases. For, if any thing is stated that does not properly refer to the subject-matter of the confession, it can be excluded on the objection of the prosecuting attorney.

Let the judgment be reversed, and the cause remanded for a new trial.