196 So. 884

### KENNEDY v. STATE.

### 6 Div. 581.

Supreme Court of Alabama.

May 16, 1940.

Rehearing Denied June 29, 1940.

L. H. Etheridge and Wm. C. Smithson, both of Bessemer, for appellant.

Thos. S. Lawson, Atty. Gen., for the State.

BROWN, Justice.

The defendant, appellant here, was indicted, tried and convicted of murder in the first degree and his punishment fixed at life imprisonment.

The State's theory of the case, as appears from the record, was that on the day of the difficulty in which the defendant stabbed the deceased with a pocket knife, the defendant, the deceased, John Denson, and Nick Peevee, the brother-in-law of the defendant, all negroes, went to the house of John Trammell, sat on the back porch and talked for considerable time, an hour or more, that some of them especially Peevee was considerably under the influence of liquor; that no liquor was furnished them while there. That a wordy colloquy arose between the defendant and the deceased as to which of them would see that Peevee got home safely, the defendant asserting that Peevee was his brother-in-law, and that he was going to carry him home, while deceased asserted that he came with Peevee; his friend, and that he was going to see he got home; that this colloquy continued for some fifteen minutes, resulting in blows passed and the stabbing of the deceased.

The defendant's testimony on the other hand went to show that the three, defendant, deceased and Peevee, got together and went to John Trammell's house to get liquor; that Peevee bought two glasses or goblets full and the three of them drank the liquor from the same glass, and all were under the influence of liquor when they got ready to leave; that deceased upbraided the defendant because they went to Trammell's on his invitation and defendant let Peevee buy all the liquor, while defendant responded with the statement to deceased that he didn't buy or pay for any of the liquor. That about the time they reached the gate the deceased reached down and picked up a rock or brick, and as he was coming up in a threatening manner the defendant stabbed him in the abdomen with a pocket knife.

The testimony of the State's first witness, John Trammell, did not show the basis or cause of the quarrel between the deceased and the defendant, although he testified and had been fully examined and cross-examined.

■ This—the cause of the quarrel—appears only in the statement of the solicitor to the court made in the presence

of the jury, against defendant's objection, after said Trammell had testified. The defendant made motion to exclude the solicitor's statement from consideration by the jury as evidence. The court overruled the motion and defendant excepted.

Following the defendant's testimony the court allowed the solicitor to ask defendant if he did not sign a statement taken by the solicitor's investigator McCollum, who testified as a witness. Defendant testified as to this: "I do remember signing a paper, or some papers." Whereupon the solicitor asked the defendant: "Q. Do you remember telling him—" "I do not remember what we were fussing about, as we just got to woofing at one another after we walked out of the house." Thereupon the defendant "objected to said question on the ground that the witness had a right to read all of it and to refresh his recollection as to the whole of it before he testifies to any part of it." The court overruled this objection, and in this, as well as refusing to exclude from the jury, as evidence, the unsupported statement of the solicitor, as to the basis of the quarrel between the defendant and the deceased, the Court erred. Wills v. State, 74 Ala. 21; Parke v. State, 48 Ala. 266; Central of Georgia Ry. Co. v. Wilson, 215 Ala. 612, 111 So. 901.

When the questions to witness, going to show the comparative size and strength of the defendant and the deceased, were asked by defendant's counsel, there was no evidence showing or tending to show self-defense, and the rulings of the court in respect thereto were free from error.

The question as to whether or not the circumstances in which the parties were at the time the fatal blow was stricken were such as to impress a reasonable man that the defendant was in imminent danger of losing his life or suffering great bodily harm, and whether or not the defendant entertained such belief were inferential facts to be drawn by the jury. Mere fear that may arise from lack of physical courage or cowardice can not be the basis of such bona fide belief.

We have examined the other questions presented on the record and find nothing further that requires notice.

For the errors noted, the judgment of conviction is reversed. The defendant will remain in custody until discharged as required by law.

Reversed and remanded.

THOMAS, FOSTER, and LIVINGSTON, JJ., concur.