38 So.2d 279

**COBB v. STATE.**

**3 Div. 517.**

Supreme Court of Alabama.

Jan. 13, 1949.

See also 248 Ala. 548, 28 So.2d 713.

Ralph Ghent, of Montgomery, for appellant.

A. A. Carmichael, Atty. Gen., and Thos. F. Parker, Asst. Atty. Gen., for the State.

LIVINGSTON, Justice.

Appellant was tried and convicted in the Circuit Court of Montgomery County for murder in the first degree, and his punishment fixed at death. The offense was committed in Kilby prison, the State penitentiary, while appellant was serving a sentence to life imprisonment therein for a prior murder. His appeal is governed by the automatic appeal statute.—Title 15, section 382(1) et seq. Pocket Part Code.

Section 319, Title 14, Code, provides:

"Any convict sentenced to imprisonment for life, who commits murder in the first degree, while such sentence remains in force against him, shall, on conviction, suffer death."

The evidence was without dispute that prior to the commission of the offense charged in the indictment, appellant was convicted of murder in the first degree and his punishment fixed at death, and later commuted to life imprisonment by the Governor of Alabama, and that appellant was serving said life sentence when he killed one Jesse Porter, a fellow convict.

The State's evidence tended to show that appellant and deceased occupied the same cell at Kilby prison, and that for some time prior to the date of the homicide a perverted relationship had existed between them and which the deceased, on the night preceding his death, had threatened to discontinue; that appellant and deceased went to their work in the cotton mill on the morning of the homicide; that shortly thereafter appellant went to the part of the mill where deceased was at work, a distance of some sixty feet, caught deceased by the shoulder, turned him around and stabbed him in the neck with a knife or dirk, from which stab wound he died.

Appellant testified in his own behalf. He denied the existence of any improper relationship between him and deceased, and denied that he had told the investigating officers that such did exist. He testified, in substance, that the night before Porter was killed, Porter tried to borrow money from him to "get some zizzie-will, that is, some dope"; that he refused to let him have the money; that Porter went out of the cell and returned in about five minutes with a knife or dirk; that Porter told him that when he went to sleep he was going to kill him; that he (appellant) sat up all night; that the next morning on the way to the cotton mill he took the knife from Porter; that after they got inside the mill, Porter called him to where he (Porter) was working, and attempted to strike him with a piece of machinery; that he (appellant) had the knife in his hand and that he grabbed Porter's wrists to prevent him from striking him (appellant), and that in the ensuing struggle Porter was accidently stabbed in the neck.

■ Clear enough the case was one for the jury, and the affirmative charge was properly refused.

■ Certain statements alleged to have been made by appellant shortly after the homicide and relative to how it occurred, were introduced in evidence, over the objection of appellant. Whether these statements contained confessions or were merely inculpatory statements or admissions are immaterial here. Their voluntary character was shown prior to their introduction. See, Reid v. State, 168 Ala. 118, 53 So. 254; Herring v. State, 242 Ala. 85, 5 So.2d 104, 105; Tillison v. State, 248 Ala. 199, 27 So.2d 43.

■ Under section 319, Title 14, Code of 1940, one convicted of murder in the first degree and sentenced to be electrocuted, which sentence was commuted by the Governor to life imprisonment, is a "convict sentenced to imprisonment for life," since the commutation simply substitutes a lesser for a greater punishment, and the judgment had the same legal effect after commutation as if the jury had fixed his punishment at life imprisonment instead of death. Johnson v. State, 183 Ala. 79, 63 So. 163.

■ The evidence relative to the existence of a perverted relationship between appellant and deceased, and the effort of deceased to discontinue it, or statements to the effect that he intended to do so, was relevant and material on the question of motive. Burns v. State, 246 Ala. 135, 19 So.2d 450.

During the argument of the solicitor for the State, attorney for appellant made objection to a statement "to the effect" that "this system of the Governor of the State having exclusive and sole power to commute anybody who is under the death penalty, is rotten: to commute a sentence."

■ As we understand the record, the reference in the argument to a commutation of sentence is to the commutation of the death penalty given appellant in the former charge against him, and not to a prospective death sentence in the instant case. As we have said, evidence of a former commutation is admissible. Johnson v. State, supra. As a consequence, the argument was not improper. The argument here is clearly distinguishable from that which worked a reversal in the case of Boyle v. State, 229 Ala. 212, 154 So. 575, and other similar cases.

We have carefully examined the record under the requirements of section 382(1), Title 15, Code, and are fully persuaded that no reversible error intervened.

Affirmed.

All the Justices concur, except GARDNER, C. J., not sitting.