97 So.2d 166

**Wesley MOORE**

**v.**

**STATE.**

**6 Div. 459.**

Court of Appeals of Alabama.

Sept. 20, 1957.

Skidmore & Davidson, Tuscaloosa, for appellant.

John Patterson, Atty. Gen., and Jas. W. Webb, Asst. Atty. Gen., for the State.

**236**

PRICE, Judge.

The defendant was indicted, tried and convicted of assault with intent to murder. He was sentenced to the penitentiary for a term of eight years.

· The State introduced evidence tending to show that at approximately 4:00 A. M. Saturday, January 7, 1956, defendant went to the home of Geneva Jenkins and began kicking and beating on the door. Frank Sewell, the assaulted party, lived next door, and heard the commotion from his back yard where he was cutting wood. He walked around to the front of his house and told defendant to leave the woman alone. The defendant went home and returned with a shotgun and shot Sewell in the thigh. Sewell managed to get to the back door of his home and his wife dragged him into the house.

The defendant testified he went home from a party with Geneva Jenkins and that Frank Sewell came later. Frank asked defendant for money, knocked him down, and chased him home with a knife. Defendant further stated that he ran into his home and got his shotgun and when defendant continued to advance toward him, he shot him. The defendant stated that Frank then turned and ran home.

Defendant, on cross examination, admitted that he signed by mark a written statement taken by Sergeant Propst at police headquarters the morning of the difficulty. The solicitor was, over objection, then permitted to read several statements and to ask the defendant whether or not he had made such statements to Officer Propst. The grounds of objection were that the defendant should not be required to answer, until he had first been given an opportunity to see the written statement.

In Wills v. State, 74 Ala. 21, the court said the "true and sound rule' on this subject" is: "A witness is not bound to answer as to matters reduced to writing by himself or another, and subscribed by him, until after the writing has been produced and read or shown to him." See also Kennedy v. State, 240 Ala. 89, 196 So. 884; Summers v. State, 251 Ala. 38, 36 So.2d 574.

We think the wisdom of this rule is particularly demonstrated in the case at bar, since Officer Propst testified:

> "Wesley made about three or four different statements, and I talked to him and he explained to me what happened. Then it did not tally up with the witnesses I had talked to and what information I gathered, of my own opinion, and he told it two or three different ways, and when I finally thought that I had it as close to the truth as I could get, that is what I put down and read back to him."

In argument to the jury the solicitor said: "He (the assaulted party) was at home, where everybody should have been, and while he was there this man came up with a belly full of liquor and a shotgun, and tried to break in a woman's house next door—* * *. At four o'clock in the morning and he shot him." The defendant's objection to this argument was overruled.

In Kennedy v. State, supra [240 Ala. 89, 196 So. 885], the court said the trial court erred in "refusing to exclude from the jury, as evidence, the unsupported statement of the solicitor, as to the basis of the quarrel between the defendant and the decesased, * * *".

There was no evidence in the case at bar that the defendant had a shotgun at the time the State's witnesses testified he came to Geneva Jenkins' house. We think the objection to the argument was improperly overruled.

Other questions presented will probably not arise in the event of another trial.

For the errors pointed out, the judgment of conviction is reversed.

Reversed and remanded.