149 So.2d 814

**Edward DOBBINS**

v.

**STATE of Alabama.**

**8 Div. 83.**

Supreme Court of Alabama.

Jan. 10, 1963.

Rehearing Denied Feb. 21, 1963.

**526**

H. T. Foster, Scottsboro, and Beck & Beck, Fort Payne, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

LAWSON, Justice.

The appellant, Edward Dobbins, was indicted for the offense of murder in the first degree by a grand jury of Jackson County and upon his trial upon said indictment was convicted of murder in the second degree and his punishment was fixed by the trial jury at imprisonment in the penitentiary for a period of ninety-nine years. Judgment and sentence were in accord with the verdict.

Motions were filed by the defendant to quash the regular and special venires.

■ Under the express terms of § 45, Title 30, Code 1940, the provisions of § 30, Title 30, for the drawing of a jury twenty days before the beginning of a term is not mandatory, and the time at which they are drawn does not affect the legality of the panel. Fleming v. State, 20 Ala.App. 481, 104 So. 137.

The minutes of the court recite that: " * * * It appearing to the Court that heretofore the names of 70 persons, qualified citizens of the County, have been legally drawn to serve as regular Jurors in this Court for the week commencing September 25, 1961, it is ordered that a list of 100 persons shall constitute the venire from which a jury shall be selected to try the defendant in this cause; and the Court now proceeds, in open Court, to draw from the Jury Box the names of 30 Special Jurors, which, together with the names of 70 Regular Jurors, heretofore drawn as Jurors for the week of this Court, commencing on September 25, 1961, shall constitute a venire from which the jury shall be selected to try this defendant, in this cause. The Sheriff of this County is hereby ordered to summon all persons whose names have this day been drawn as Special Jurors and all persons who have been drawn as Regular Jurors for this Court for the week commencing on September 25, 1961, to be and appear in this Court on the 25th day of September, 1961, and the Sheriff is further ordered, etc. * * * "

■ The defendant in his motions to quash the special venire asserts that the "special jurors" were improperly summoned for his trial because the summons served

upon the "special jurors" ordered each of them to appear as a "regular juror" rather than as a "special juror" and because the summons did not specify that they were to serve in the case of "The State of Alabama vs. Edward Dobbins, a defendant charged with a capital felony." We are of the opinion that the mistakes and omissions contained in the summons served upon those drawn to serve as "special jurors" are in the nature of clerical and ministerial mistakes and do not furnish sufficient ground to quash the venire when, as here, it does not appear that prejudice resulted. § 67, Title 30, Code 1940; Irwin v. State, 220 Ala. 160, 124 So. 410. See § 45, Title 30, Code 1940.

We do not construe the record as do counsel for the appellant. We understand the amended judgment entry to show that the trial of this defendant was set not for September 27, 1961, but for September 25, 1961, and the seventy regular jurors and those drawn to serve as special jurors' were all summoned to serve on that day. The fact that the defendant's case was not reached for trial until September 28, 1961, does not affect the validity of the summons or the special venire.

We hold that the trial court correctly overruled the motions to quash.

The affirmative charge as to all degrees of homicide was correctly refused. The evidence in every material inquiry was in sharp conflict except as to the fact that the defendant shot the deceased. To hold that the defendant was entitled to such instructions would be but to ignore entirely the evidence for the State, particularly that given by the witness Edgar Howard. The State insisted that the killing was unjustified and hence unlawful and offered testimony to sustain this insistence. On the other hand, the defendant contended, under his plea of self-defense, that he took the life of Hartsell in order to save his own life or to save himself from grievous bodily harm and in doing so he violated no law of the State; and in this connection presented evidence tending to sustain him in this contention. As a result of the conflict in the evidence a jury question was presented. Sanders v. State, 243 Ala. 691, 11 So.2d 740; Williams v. State, 241 Ala. 348, 2 So.2d 423; Kennedy v. State, 240 Ala. 89, 196 So. 884.

The trial court did not err in overruling the grounds of the motion for new trial to the effect that the verdict was not sustained by the evidence.

Photographs of the head of the deceased showing the bullet wound were admitted without error. Smarr v. State, 260 Ala. 30, 68 So.2d 6; Maund v. State, 254 Ala. 452, 48 So.2d 553; Grant v. State, 250 Ala. 164, 33 So.2d 466. These photographs were taken at the funeral home by a State Toxicologist approximately eight hours after the shooting occurred and were shown to correctly depict the wound at the time the pictures were taken. McKee v. State, 253 Ala. 235, 44 So.2d 781.

The qualifications of Mr. William T. McVay as a State Toxicologist were admitted. It was proper to permit this witness to describe the wounds which he observed on the face and head of the deceased and to testify that in his opinion such were sufficient to have caused death. Phillips v. State, 248 Ala. 510, 28 So.2d 542; Smarr v. State, supra.

The predicate as laid by the State was in all respects sufficient to show prima facie that the inculpatory statements made by defendant at the jail on the night of the shooting were made voluntarily. Cobb v. State, 251 Ala. 505, 38 So.2d 279.

Where, as here, the defendant claimed that he acted in self-defense, the age and relative sizes of the parties was material. See Nixon v. State, 261 Ala. 74, 72 So.2d 846.

Evidence as to the relative position of a witness, the deceased, and the defendant at the time of the shooting was proper-

**528**

ly admitted. Sharp v. State, 193 Ala. 22, 69 So. 122.

 In a prosecution for murder a witness can state the position in which defendant held the pistol when he did the shooting. Caldwell v. State, 203 Ala. 412, 84 So. 272.

 The trial court did not err in permitting the State to show that immediately after the shooting the defendant said: "He should have known better than that. I am mean." The statement tends to show the frame of mind of the defendant at the time of the homicide. Johnson v. State, 183 Ala. 79, 63 So. 163.

 Defendant's Charges 7, 10, 11, 12, 14, 17, 19, 23, 28 and 31 (without considering *vel non* their correctness) were refused without error in that the principles sought to be stated therein were fairly and substantially covered by the court's oral charge or charges given at the request of the defendant. § 273, Title 7, Code 1940; Higginbotham v. State, 262 Ala. 236, 78 So. 2d 637.

 Charge 1 to the effect that if the shot that killed the deceased was accidentally fired, the jury cannot convict the defendant was faulty for the reason, if for no other, that it failed to define the meaning of the word "accident." Garrett v. State, 268 Ala. 299, 105 So.2d 541; Jackson v. State, 265 Ala. 690, 93 So.2d 808.

 Charges 2, 5, 13 and 26 were properly refused for the reason, among others, that they are misleading. An indictment for murder in the first degree includes lesser degrees of homicide for which there can be a conviction even though the defendant had not intended to kill the deceased. Those charges are capable of the construction that the defendant could not be convicted of any degree of homicide unless he had intended to kill Hartsell. Sanders v. State, supra; Garrett v. State, supra.

 Charge 3 was refused without error, as a part of it has been characterized by this court as constituting mere argument. Morris v. State, 146 Ala. 66, 41 So. 274; Woodard v. State, 253 Ala. 259, 44 So.2d 241. Moreover, the principle sought to be established by this charge was substantially and fairly covered by the oral charge and written charges given at the request of the defendant. § 273, Title 7, Code 1940.

 Charges 6 and 8 are incomplete and were correctly refused for that reason, if for no other. McKenzie v. State, 19 Ala. App. 319, 97 So. 155; Hale v. State, 20 Ala. App. 270, 101 So. 774, cert. denied, 212 Ala. 101, 101 So. 775.

Under the decision of this court in Burk v. State, 216 Ala. 655, 114 So. 72, Charge 15 was refused without error. Moreover, the principle sought to be established by this charge was substantially and fairly covered by Charge 16 given at the defendant's request. § 273, Title 7, Code 1940.

The judgment of the circuit court is affirmed.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.