251 So.2d 372

**ALABAMA CASKET COMPANY, Inc.,**
a Corporation

v.

**H. L. CASTLEBERRY.**

**4 Div. 35.**

Court of Civil Appeals of Alabama.

Aug. 4, 1971.

Tipler, Fuller & Melton, Andalusia, for appellant.

Powell & Sikes, Andalusia, for appellee.

BRADLEY, Judge.

This is an appeal from a judgment in favor of appellee on an action of account.

Appellee filed a complaint against appellant in the Circuit Court of Covington County alleging $7,500.00 due on an account. Appellant responded by demurrer, which was overruled, and then filed a plea of the general issue in short, etc., and a plea in recoupment for $662.98.

After trial there was a verdict for appellee in the amount of $2,662.98, and a verdict for appellant on the plea in recoupment of $662.98.

Appellant's motion for a new trial was overruled, and its appeal to this court was from the original judgment and the judgment on the motion for new trial.

Four assignments of error were made, all directed to the alleged erroneous admission of the following testimony:

"Q. Now after this suit was filed and before the deposition of the bookkeeper out there was recently taken, were you permitted to go into the office of the defendant and review some of their collection records?

"A. Yes, sir.

"Q. Now did you go over those collection records and prepare a schedule of

collections on sales which you had made prior to your termination on which you had not been paid your commission?

"A. Yes, sir. Briefly and in the limited amount of time, and access to the records, I made a list to the best of my judgment, of what I thought it was.

"Q. Do you have that list with you?

"A. Yes, sir.

"Q. Now I'm not going to go over the individual customers because they are listed here, but I want to ask you first off what is the total figure of those collections on which you did not draw your commission?

"MR. FULLER: Just a minute, Judge, could we see this so we will have an opportunity to object?

"THE COURT: Yes.

"MR. FULLER: We object to the last question which calls for a conclusion based on some abstracts he has made himself from the original records.

"MR. POWELL: I don't know of any other way we can do it, your Honor.

"THE COURT: Overrule.

"MR. FULLER: We Except.

"Q. Now what is that total figure?

"MR. FULLER: We renew our objection.

"THE COURT: Overrule."

In brief, appellant argues that the admitted testimony violated the best evidence rule, and that the voluminous documents exception could not be utilized because the witness was not qualified to give such testimony.

Appellee says that: (1) the statement of one or more grounds of objection to testimony is a waiver of other grounds of objection not stated; (2) the voluminous documents exception permits testimony by a witness, regardless of qualifications, for the purpose of reducing the time consumed in testifying to each entry or calculation and to avoid confusing the jury by masses of data when it could be reduced to summaries and made more easily understandable; and (3) the improper admission of testimony, which is later admitted without objection, cannot be the basis of reversible error.

The evidence shows that appellee's employment as a casket salesman for appellant was terminated on May 21, 1969. Appellee had been in appellant's employ for a number of years.

Appellee stated that for several years prior to his termination, he had been on a commission basis; that is, he was paid 8% of his sales when the accounts were paid, not when the sales were made. He also stated that he paid all of his expenses of selling out of his commissions. Nothing was furnished by his employer.

Appellee testified that his gross earnings would average about $250—$300 a week.

He said that he would go to the bookkeeper, Mrs. Ingram, usually on Monday morning, and go over the accounts to ascertain what had been collected so that his commission could be computed from that figure.

The letter of termination informed appellee that he would not receive commissions on accounts over 90 days old. The evidence shows that this was the first time that appellee had been apprised of this arrangement.

After suit was filed, but prior to trial, appellee was furnished a schedule of the appellant's collection records relating to sales made by appellee prior to his termination. This schedule was prepared by appellant's bookkeeper, Mrs. Ingram.

Appellee took this schedule and added items that he considered had been omitted from the schedule, subtracted other items, and then made an additions calculation as to the total amount of collections on the

sales he had made prior to his termination. He then took 8% of this figure to arrive at the amount due him as commission for his sales.

The schedule of collections plus the calculations was offered and admitted into evidence.

This testimony was admitted over objection in the early part of the trial. Later, this same evidence was admitted with objection being directed only to the calculations. This objection was also overruled.

However, at this point in the testimony of the appellee, the original records on which the schedule was based and later on which the calculations of commission due appellee were based, were introduced into evidence by the appellant.

After the introduction of the original records and schedule of sales and collections and the calculations of the commission therefrom, the appellee was again asked substantially the same questions that had been asked before and which prompted the objections now the subject of controversy, and no objection was interposed by appellant and appellee gave answers substantially as before.

The following quotation from Walker v. Blassingame, 17 Ala. 810, is cited with approval in T. R. Miller Mill Co. v. Ralls, 280 Ala. 253, 192 So.2d 706:

" * * * the sole ground of the objection is that the witness could not state the time and place when and where these declarations were made by Walker, *nor who was present*, except only the statement made at Walker's house, further than that they were made between the years 1837 and 1843. We must, therefore, confine ourselves to this ground of objection; for it is the well settled rule that if evidence be objected to for specific reasons or grounds stated by the party objecting, we can only examine whether those reasons or grounds render the evidence illegal. (Citation Omitted.) Indeed, the specification of the grounds

of objection to testimony must be considered as an admission that the evidence in other respects is legal; otherwise, the party objecting might frequently reverse a judgment on a point never decided in the court below, and which, if presented, the other party might have avoided by waiving the testimony objected to, or rendering it competent by the introduction of other proof. Looking then to the ground of objection alone raised in the court below, there was no error in refusing to exclude the testimony. * * * "

In the case at bar the objection to the admission of the testimony in question was on the ground that it was a conclusion. Whereas, in brief, the argument is that the admitted testimony violated the best evidence rule.

It appears that appellant is attempting to argue a ground of objection that was not assigned in the trial of the case below. The attempted argument availeth appellant naught. The failure to raise it below constitutes a waiver here.

Appellant also says that the voluminous documents exception to the best evidence rule is not applicable in the present case because the witness—appellee—was not an expert, nor qualified to give such testimony.

In Sovereign Camp, W. O. W. v. Hoomes, 219 Ala. 560, 122 So. 686, the Supreme Court said:

" * * * the 'best evidence' rule is subject to well recognized exceptions of which is, that where the originals consist of numerous documents which cannot be conveniently examined in court, 'and the fact to be proved is the general result of an examination of the whole collection,' in such case 'evidence may be given as to such result by any person who has examined the documents and who is skilled in such matters, *provided the result is capable of being ascertained by calculation.*' The reason for this

 

·exception is that any other 'course could cause great loss of time and tend to confuse the jury;' hence the permission for 'summarized accounts' and such 'conclusions as to balances.' [Citations omitted.]"

■ The schedule in question was pre-·pared by appellant's bookkeeper from its ·own records, and appellee, in essence, merely added up the figures and applied the percentage rate to the sum resulting from the addition.

The figures resulting therefrom certainly ·aided the jury in its analysis of the issues ·and speeded up the trial of the case. Furthermore, the nature of appellee's calculations did not require a person with expert qualifications to perform; most any grade-school student could have performed these same calculations.

It should also be noted that appellee was ·doing very little different than he had done nearly every Monday of his employment with appellant, and that was to sit ·down with appellant's bookkeeper and, by using said bookkeeper's figures of sales and ·collections, apply 8% thereto to arrive at ·a figure that would represent the amount due as his commission. From this figure would be deducted any advances made to ˙him by the appellant, leaving a net amount that he would then receive.

It can be said with reasonable certainty ˙that appellee was familiar with these schedules and the method of computation in arriving at his net commission. The length ·of his experience with these computations would give him the requisite skill to bring ˙him within the tenets of the rule above set ·out.

We would also point out that all of the ·original records which were the basis of ·appellant's schedules of sales and collections from which appellee's commission would be calculated were introduced into evidence and the appellee could have been˙ cross-·examined about them and the accuracy of ˙his calculations which were based thereon.

We find no error in the trial court's decision to allow this evidence to go to the jury.

■ Had we considered the admission of the testimony in question to be error—which we did not—it would not have been prejudicial error for the reason that subsequent testimony to the same effect by appellee was admitted without objection by the appellant.

In Harvey Ragland Co. v. Newton, 268 Ala. 192, 105 So.2d 110, the Supreme Court said:

"Prejudicial error may not be predicated upon the admission of evidence which has been admitted without objection or motion to exclude at some other stage of the trial. [Citations omitted.]"

No reversible error having been argued, this case is affirmed.

Affirmed.