278 So.2d 363

Miles **KIRKSEY**

v.

**STATE of Alabama.**

**SC 385.**

Supreme Court of Alabama.

May 24, 1973.

James B. Watson, Monroeville, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

JONES, Justice.

This case was transferred to the Supreme Court from the Court of Criminal Appeals on May 9, 1973. Defendant was convicted of murder in the second degree in the Circuit Court of Monroe County and prosecutes this appeal in forma pauperis.

The defendant, Miles Kirksey, was sentenced to twenty years in the penitentiary for the unlawful slaying of Catherine Odom on December 31, 1971. The deceased was shot through the neck by a shotgun blast. The defendant admitted killing Catherine but contended that such was the result of an accident. The evidence in the case was in conflict and the jury resolved such conflict against the defendant rendering a verdict of guilty of murder in the second degree. The trial court denied defendant's motion for a new trial.

▌ Defendant's brief on appeal alleges error in the refusal of the trial court to give two instructions to the jury requested in writing by the defendant. The first such charge was #10 and reads as follows:

"The Court charges the jury that if they are reasonably sarisfied [sic] from the evidence that the shot that killed deceased was accidently fired, then you cannot find defendant guilty."

We feel that defendant's requested charge #7, which was given by the trial court, fully covered the substance of charge #10 which was refused. Charge #7 is as follows:

"I charge you, members of the jury, that if after examining all the evidence in this case, your minds are left in a state of reasonable doubt as to whether the defendant accidentally shot the deceased, then this is such a doubt as will entitle the defendant to a finding of not guilty, and you should so find."

We have held on many previous occasions that it is not error to refuse requested charges which are substantially the same as charges already given and so hold in this instance. Kennedy v. State, 1973, 291 Ala. 62, 277 So.2d 878; Butler v. State, 285 Ala. 387, 232 So.2d 631; Cooper v. State, 277 Ala. 200, 168 So.2d 231.

▌ Defendant also contends that his requested charge #11 should have been given by the trial court. Charge #11 reads as follows:

"The court charges the jury that unless they believe from the evidence beyond all reasonable doubt that the defendant fired the shot intentionally that killed the deceased, then you should find the defendant not guilty."

Under the facts in this case, charge #11 would have been proper. However, the trial court did not commit reversible error in refusing this charge for the reason that its subject matter was adequately covered by the court's oral charge. Gautney v. State, 284 Ala. 82, 222 So.2d 175; Young v. State, 283 Ala. 676, 220 So.2d 843; Dobbins v. State, 274 Ala. 524, 149 So.2d 814; Title 7, § 273, Code of Alabama 1940 (Recompiled 1958).

We have responded to the matters raised in appellant's brief and have searched the record for error as required by law. No reversible error appears and the case is due to be affirmed.

Judgment affirmed.

HEFLIN, C. J., and COLEMAN, BLOODWORTH and McCALL, JJ., concur.