356 So.2d 680 (1977)
In re Maurice LAMAR
v.
STATE of Alabama.
Ex parte State of Alabama ex rel. Attorney General.
SC 2769.
Supreme Court of Alabama.
December 9, 1977.
*681 William J. Baxley, Atty. Gen. and Winston D. Durant, Asst. Atty. Gen., for the State, petitioner.
No brief for respondent.
SHORES, Justice.
Citing Morse v. State, 49 Ala.App. 203, 269 So.2d 916 (1972), and Lane v. State, 85 Ala. 11, 4 So. 730 (1887), the Court of Criminal Appeals, 356 So.2d 677 reversed the defendant's conviction because the trial court refused the following charge requested by the defendant:
". . . `The State must prove its charge and prove it beyond a reasonable doubt by the evidence. The assertions of counsel are not evidence.'"
We granted the state's petition for writ of certiorari.
This court has frequently held that the refusal to give a requested charge is not error where the trial court, in its oral charge, substantially and fairly explains to the jury the principle sought to be covered. Kirksey v. State, 291 Ala. 102, 278 So.2d 363 (1973); Kemp v. State, 278 Ala. 637, 179 So.2d 762 (1965); Hurston v. State, 235 Ala. 213, 178 So. 223 (1938). In the instant case, the trial court charged the jury as follows:
"Now, you, of course, are the sole trier of the fact. That means that it is up to you to make a determination as to the facts in this case.
"The facts of the case consist of evidence that you have heard from this witness stand . . .
". . .
". . . the burden of proof is upon the State to convince each member of the jury beyond a reasonable doubt as to the truth of the material averments contained in the indictment."
This charge limits the jury's consideration to evidence which it heard from the witness stand. It also informs the jury that the state has the burden of proof beyond a reasonable doubt. It, therefore, covers the subject matter of the refused charge, except for the reference to assertions of counsel.
The Court of Criminal Appeals reversed the conviction because ". . . that the part of the requested charge stating, `The assertions of counsel are not evidence,' was not covered by the trial court's oral charge to the jury. [Citing Lane v. State, supra]"
In Lane, the prosecuting attorney, in his opening argument to the jury, said:
". . . `This poor old man, toiling and hauling iron ore for his bread, is not even permitted to look at the scales when his ore is weighed. When it comes to this, gentlemen of the jury, that a poor laboring man, hauling ore to a rich corporation, or to anybody else so far as that is concerned, can not look at the beam, that he may know he gets just weights, and must be knocked down with an iron weight when he does do it, then farewell to liberty and rights. . . ."
The defendant's counsel objected to this statement and moved to exclude it. The trial court overruled the objection. Under those circumstances, this court held that it was error to refuse a charge similar to the one refused here. However, in the instant case, the record does not contain any remarks by counsel for either side. There is nothing to indicate that improper argument was made by the prosecuting attorney. Clearly, assertions made by counsel are not evidence, but it is not necessary in every criminal prosecution that a charge to that effect be given to the jury. If the trial court adequately charges the jury as to *682 what evidence it may properly consider in its deliberations, and adequately charges that the state has the burden to prove its charge beyond a reasonable doubt, it is not necessary that the charge expressly exclude assertions of counsel from the jury. Lane v. State, supra, does not compel a reversal in all instances where the trial court refuses the charges requested by the defendant in this case.
The judgment of the Court of Criminal Appeals is reversed and remanded.
REVERSED AND REMANDED.
All the Justices concur.