ON REHEARING
Original opinion withdrawn.
Roy Lee Bayne was tried and convicted of assault with intent to murder. The Court of Criminal Appeals, 375 So.2d 1236, reversed and remanded the case because the trial court refused to give the following requested charge:
 "The State must prove its charge, and prove it beyond a reasonable doubt, by evidence. The assertions of counsel are not evidence."
We granted the state's petition for certiorari on original deliverance.
The issues in this case are identical to those raised inLamar v. State, 356 So.2d 680 (Ala. 1977). In Lamar, we held that the refusal to give the aforementioned charge was not error where the principle sought to be covered was substantially and fairly explained to the jury by the trial court in its oral charge. See also: Kirksey v. State, 291 Ala. 102, 278 So.2d 363 (1973). *Page 1238 
In the instant case, the trial judge charged the jury as follows:
 ". . . the law presumes that every man and every woman and every child who is charged with a crime is innocent and that that presumption of innocence follows the defendant . . . until the State by its evidence which comes to you from the witness stand proves to you . . . that the defendant is guilty as charged in the indictment beyond a reasonable doubt and to a moral certainty." (Emphasis Added)
This charge is almost identical to the charge in Lamar. It fairly explains to the jury the state's burden of proof and limits the jury's consideration to the testimony which came from the witness stand. Bayne contends that, in this case, the prosecution made certain assertions in closing argument which necessitated a specific charge that remarks of counsel are not evidence for the jury's consideration.
Bayne's contention rests upon the following colloquy:
 "MR. REYNOLDS: `What was Roy Bayne's intent when he shot in that door? Did he have the intent to open the door or did he have the intent to kill somebody?'
"MR. BEDDOW: `I object to "killing somebody"'.
"THE COURT: `Overruled.'
 "MR. BEDDOW: `We except. And further under the law of the State of Alabama must show that the intent to kill was the named victim. Horne vs. State.'
"THE COURT: Overruled.
"MR. BEDDOW: `We except.'"
Counsel should be given wide latitude in arguing to the jury; and only where the defendant is prejudiced by the state's argument is reversal mandated.
In Lane v. State, 85 Ala. 11, 4 So. 730 (1887), the prosecutor referred to the victim in a trial for assault with intent to murder as a "poor old man" and the defendant's employer as a "rich corporation." The trial court overruled an objection to this remark and refused to give a requested charge similar to the charge refused here. This court reversed the trial court because, in that case, there was no evidence to support such remarks and, further, because they were prejudicial on their face. Thus, the defendant's objection should have been sustained and the remark should have been excluded from consideration by the jury. Such is not the case before us.
We simply hold, as we did in Lamar, supra, that the refusal to give the charge set out does not constitute error where the trial court fairly and adequately charged the jury on the state's burden of proof and what it may consider as evidence in the case.
REVERSED AND REMANDED.
All the Justices concur.