Appellant was indicted and convicted for the February 2, 1980, murder of Robert Washington. The trial court fixed his punishment at thirty years' imprisonment. At arraignment and throughout the trial proceedings, appellant was represented by counsel of his choice. After sentence was imposed he gave notice of appeal and was found to be indigent. He was appointed counsel to represent him on appeal and furnished a free transcript.
Appellant does not challenge the sufficiency of the state's evidence. We have completely and thoroughly reviewed the state's evidence and find it to have presented a prima facie case of murder. § 13A-6-2, Code of Alabama (Amended 1977). Further, the state's evidence fully supports the verdict of guilty. Thus, only a brief narration of the facts is necessary.
On February 1, appellant and his wife attended a social gathering at the Sheffield home of Elizabeth Smith. Several couples were in attendance. During the course of the evening, appellant and two others drove to Florence. While gone, the victim and his date arrived. Shortly thereafter a heated and lengthy argument began between the victim and appellant's wife.
When appellant returned, he was greeted in the front yard by his wife and the victim. Several others looked on as Mrs. Williams told appellant of the victim's advances toward her. From a distance between two and six feet away, appellant shot the victim with the bullet piercing several organs before exiting from his back. The victim ran away and was found dead early the next morning. The state's evidence established without a doubt that appellant shot and killed the victim.
Appellant presented evidence to support his defense of self-defense. He attempted to establish that the victim was the aggressor and had initially drawn and fired a pistol at him.
Appellant contends that he was not present in court when the jury venire was qualified and his jury selected. Thus, he argues that such constituted reversible error.
The judgment entry reflects that appellant was present during this stage of the trial proceedings. Further, a question directed to the venire by the district attorney indicated the presence of appellant. No statement was made by the trial court indicating appellant's presence or absence.
No hearing of any type was held below to determine the legitimacy of appellant's contention, nor was any objection or motion made to invoke a ruling from the trial court. No motion for a new trial was filed raising the above contention. Thus, there is nothing preserved for our review. Boykin v. State, Ala.Cr.App., 398 So.2d 766, cert. denied, Ala., 398 So.2d 771
(1981); Brown v. State, Ala.Cr.App., 392 So.2d 1248 (1980), cert. denied, Ala., 392 So.2d 1266 (1981).
Nevertheless, a review of the record leads us to the opposite conclusion than that reached by appellant. Merely because no statement by the trial court indicating appellant's presence at this time appears in the record, such, when viewed in conjunction with the remainder of the record, is insufficient to mandate reversal of this cause. See Durden v. State, Ala.Cr.App., 394 So.2d 967 (1980), cert. denied, Ala.,394 So.2d 977 (1981). *Page 913 
Appellant argues that the trial court erred in allowing the jury to separate without initially personally inquiring of him as to whether he desired such.
The record reflects that the trial court questioned appellant's retained counsel as to whether the jury could separate, to which his counsel affirmatively replied. At that point the trial court instructed appellant's counsel, "Okay, I need it in writing from the defendant." Appellant's counsel acknowledged the court's request and furnished it a handwritten statement, apparently signed by appellant, to that effect. No objection or motion was made below to such procedure nor was there any hearing of any type raising the alleged error.
In three of the cases cited by appellant in support of reversal, we note that the alleged error was preserved by the securing of an adverse ruling. The other authority cited by him does not support his contention.
We find that appellant failed to properly preserve the alleged error for review. Caldwell v. State, Ala.Cr.App.,393 So.2d 499 (1981); Pope v. State, Ala.Cr.App., 387 So.2d 300
(1980); Ragland v. State, Ala.Cr. App., 383 So.2d 897 (1980);Hare v. State, Ala.Cr.App., 377 So.2d 1143, cert. denied, Ala.,377 So.2d 1148 (1979); Barton v. State, Ala.Cr.App.,376 So.2d 756, cert. denied, Ala., 376 So.2d 761 (1979); Woods v. State, Ala.Cr.App., 346 So. 9, cert. denied, Ala., 346 So.2d 10
(1977); Arnold v. State, Ala. Cr.App., 340 So.2d 873, cert. denied, Ala., 340 So.2d 877 (1976); Cooper v. State, Ala. Cr.App., 340 So.2d 871, cert. denied, Ala., 340 So.2d 872
(1976); Hill v. State, Ala.Cr. App., 339 So.2d 601, cert. denied, Ala., 339 So.2d 610 (1976); Armstead v. State,57 Ala. App. 459, 329 So.2d 150, 151 (1976); Turner v. State,54 Ala. App. 467, 309 So.2d 503 (1975).
Appellant contends that the trial court erred in denying his motion for a mistrial based on juror misconduct.
After an overnight recess, appellant made his motion arguing that a local newspaper article which appeared in the previous evening's edition, if read by the jury, would prejudice it against him. The trial court noted that the article contained several inaccuracies. It found that six members of the jury had seen the article. The trial court questioned the jurors as to whether they could "continue to listen to the evidence . . . and be impartial and fair and base [their] verdict . . . on the testimony . . . and completely eliminate and disregard what [they had] read in the paper." The jurors responded in the affirmative. The trial court instructed the jurors:
 "I want to instruct to you that anything that you read in the paper is not evidence and I do know for a fact that they had mistaken information because they said [Judge] N. Pride Tompkins was trying the case and I am trying the case. So, I don't know where they get their information from, but I know it was wrong and I ask that you disregard this — it's not evidence in this case and it should not be considered by you as such in this case and you are to completely disregard it from your deliberations when you go in to deliberate this case. At night when you go home, please do not read the paper and do not listen to the radio. Do not listen to anything that might be on as far as this is concerned."
The granting of a mistrial rests within the sound discretion of the trial judge, and his ruling thereon will not be overturned absent a clear abuse thereof. Shadle v. State,280 Ala. 379, 194 So.2d 538 (1967); Lewis v. State, Ala.Cr.App.,399 So.2d 907 (1981); Terry v. State, Ala.Cr.App.,397 So.2d 217, cert. denied, Ala., 397 So.2d 223 (1981). Whether vel non
the reading of the newspaper article has influenced the jury to the detriment of appellant is a question of fact to be determined by the trial court in the exercise of its sound discretion. See generally, Cox v. State, Ala.Cr.App.,394 So.2d 103 (1981).
We find no abuse of the trial court's discretion in overruling appellant's motion. Its action in swiftly and professionally isolating the potential problem, inquiring as to its possible influence upon the jurors, and *Page 914 
its prompt instructing and polling of the jury insured that no prejudice to appellant was suffered. Thus, we find no error in the trial court's actions.
Lastly, the appellant contends that the trial court erred in giving additional instructions regarding the defense of self-defense.
After the jury had been charged, to which no exception was taken, sent to deliberate, and excused for lunch, the state requested an additional charge to cover an omission made by the trial court during its oral charge. The trial court's oral charge on self-defense included all the applicable portions of § 13A-3-23, Code of Alabama (Amended 1977), except subsection (c). The trial court stated that it had mistakenly omitted that portion from its charge and overruled appellant's objection. Upon returning from lunch, the jury was recharged on the defense of self-defense as before as well as given the omitted instruction.
It is the duty of the trial judge to fully and correctly state the law of the case to the jury. Cole v. State, Ala.Cr.App., 352 So.2d 17, cert. denied, Ala., 352 So.2d 20
(1977). See generally, Gibson v. State, Ala.Cr.App.,387 So.2d 325 (1980). Such is required to insure a fair trial and just verdict for appellant and the state.
In the instant case, we find no error in the trial court's adding to its original charge to the jury. The addition was applicable under the facts and a proper statement of the law. No undue emphasis was placed on the omitted portion as it was included in the complete charge on self-defense re-given by the trial court. Further, the trial court admonished the jury not to place any special significance or importance on the portion of its oral charge that it re-gave. Consequently, we find no error in the actions of the trial court.
Having found no errors in the record, the judgment of conviction is hereby affirmed.
AFFIRMED.
All the Judges concur.
 *Page 1