Appellant Joe Stephens was convicted by a Covington County jury of stealing a lowboy trailer, the property of Larkin Broom. He was sentenced to eight years' imprisonment, *Page 404 
from which he appeals, alleging numerous grounds for reversal.
 I
Appellant contends that a twelve-year-old witness was incompetent to give testimony in this case. The court, in accordance with § 12-21-165, Code of Alabama 1975, examined the witness, Bobbi Jo Compton, asking her various questions to determine her intelligence and knowledge. In answer to the question, "Did you understand what the oath meant?" the witness answered, "No." But then in the course of questioning by the court, it became clear that she did understand that she was obliged to tell the truth and understood what that meant as evidenced by the following exchange:
 "THE COURT: And you know what happens to folks if they don't tell the truth?
"MISS COMPTON: Yeah.
"THE COURT: Do you go to church and Sunday School?
"MISS COMPTON: Uh-huh.
 "THE COURT: And you are twelve and you will be in the seventh grade? So you moved along regularly in school?
"MISS COMPTON: Yes.
 "THE COURT: And you know what the meaning of telling the truth is?
"MISS COMPTON: Uh-huh.
 "THE COURT: You know when you swore to tell the truth, what did that mean to you?
"MISS COMPTON: Tell what you know.
"THE COURT: How was that?
"MISS COMPTON: Tell what you know.
 "THE COURT: Tell what you know and don't tell it if you don't know it.
"MISS COMPTON: Yes, sir."
We can find no error on the part of the trial judge. As this court has said ". . . the determination of a child's qualifications to take a witness's oath is necessarily vested in the sound discretion of the trial judge, who has the opportunity of observing the manner and appearance of the child while being examined, unlike the appellate courts, which are not afforded such an opportunity." Coleman v. State,443 So.2d 1355 (Ala.Cr.App. 1983). See also annotations to § 12-21-165, Code of Alabama 1975.
 II
During direct examination, a witness volunteered a statement to which appellant objected on the grounds that it was nonresponsive; then appellant moved to exclude the statement. The court did not rule on this objection. Since an adverse ruling is a prerequisite to preservation of error for appellate review in this instance, we have nothing to review. Walker v.State, 416 So.2d 1083 (Ala.Cr.App. 1982).
 III
Appellant contends that the court erred in overruling his motion for a judgment of acquittal; he contends that his motion should have been granted because he was convicted on the testimony of an accomplice without corroboration. Applying the test of eliminating the testimony of the accomplice and determining whether the remaining incriminating evidence sufficiently tended to connect the defendant with the crime, we find that it did. See Ware v. State, 409 So.2d 886 (Ala.Cr.App. 1981), writ quashed, 409 So.2d 893 (Ala. 1982).
The appellant made incriminating statements to Officer Tommy Adams of the Covington County Sheriff's Department. There was further testimony of the appellant's attempt to get together with another party to resist or combat the evidence of one Jim Paul, a prosecution witness. Both of these instances show some probability that the defendant was linked to the criminal occurrence. There was further testimony from one Evans Compton, that the appellant gave him the following message for his (the witness's) son Jimmy: "You tell him to lay low because after February me and him both walk away from this thing free." The appellant also stated to the witness that, "If Jimmy comes back, we're gonna be in trouble. If Jimmy stays away, we're gonna get out of this thing." *Page 405 
There was further evidence implicating the appellant in his statements to one Patty Dozier. Miss Dozier testified that the appellant told her that his lawyer found out Dan Dozier was going to be a witness for the state against him. She quoted him saying "He wanted to know what in the shit was going on. And whether or not I need to load my damn gun."
We find the remainder of the evidence powerfully connects the defendant with the commission of the offense and no error was committed in denying the motion for judgment of acquittal on this ground.
 IV
Appellant contends the court erred in charging the jury on aiding and abetting. Appellant made a statement to Officer Adams that he (the appellant) "had let Jimmy borrow his diesel truck knowing that Jimmy was going to steal the trailer. He met Jimmy on Highway 55 South. He said (sic) on 55 South in his personal car and followed him to Tampa, Florida, with the trailer." From this we find that the charge on aiding and abetting in the commission of an offense was supported by facts in the record, and properly given.
 V
Appellant next contends that the court erred in overruling a motion for a new trial on grounds that the state introduced into evidence a writing made by appellant. Appellant claims this introduction was made after the state responded to appellant's discovery motion by indicating that the prosecution did not have any writing made by the defendant. During the hearing on the motion for new trial, prosecution counsel, Mr. Lanier, testified that he "was not aware of any note until the day of the trial when Jimmy Compton's sister brought this note up and showed to me." Mr. Porter Harris of the district attorney's office, who was responsible for preparing information and documents to be provided defense lawyers, testified that he had never seen the note and that the note was not part of the state's file.
Since the state did not receive the writing until the day of trial, it would have been impossible to produce this evidence at the time appellant's first attorney filed his request for production.
Furthermore, the general rule is that "the accused in a criminal case has no inherent right to the inspection or disclosure of evidence in the possession of the prosecution." C. Gamble, McElroy's Alabama Evidence § 290.05 (1) (3rd ed. 1977).
This rule is not applicable in cases where evidence exculpatory to the accused has been suppressed by the prosecution. McElroy's, supra § 290.05 (3). However, this evidence was highly inculpatory to the defendant and thus not covered by this exception. Thus, we find no error in the trial court's denial of appellant's motion for new trial.
 VI
Appellant assigns as error several occurrences during trial which are not before us because they were not properly preserved. It has long been the law that a general objection is not sufficient to perserve an issue for review, LeCroy v.Wiggins, 31 Ala. 13 (1857), unless the evidence objected to is patently inadmissible. Hughes v. State, 412 So.2d 296
(Ala.Cr.App. 1982); Potter v. State, 416 So.2d 773 (Ala.Cr.App. 1982). A specific objection to an objectionable question, which sets out the wrong grounds, waives all other grounds of objection. Alabama Casket Co. v. Castleberry, 47 Ala. App. 117,251 So.2d 372 (1971); C. Gamble, McElroy's Alabama Evidence § 426.01 (11) (3rd ed. 1977).
Accordingly, this case is due to be affirmed.
AFFIRMED.
All the Judges concur. *Page 406