577 So.2d 928 (1990)
Nathaniel ROBINSON
v.
STATE.
CR 89-984.
Court of Criminal Appeals of Alabama.
December 28, 1990.
Rehearing Denied March 1, 1991.
Certiorari Denied April 5, 1991.
George W. Pendley III, Camden, for appellant.
Don Siegelman, Atty. Gen. and Frances H. Smith, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 1900884.
TYSON, Judge.
Nathaniel Robinson was indicted for rape in the second degree in violation of *929 § 13A-6-62, Code of Alabama 1975. He was found "guilty as charged in the indictment" and was sentenced to 10 years in prison. He raises three issues on appeal. The pertinent facts will be discussed below as they arise.

I
The appellant first contends that the trial court erred in denying his motion to quash the indictment and the jury venire because the jury commission did not comply with § 12-16-60(b)(2) and (c), Code of Alabama 1975. Section 12-16-60(b)(2) provides that, after reviewing jury qualification forms, the jury commission should notify prospective jurors when they have been disqualified. Section 12-60-60(c) provides that the commission enter its ultimate determination of the qualification of each juror on a master list.
The record reveals that the Administrative Office of Courts of Alabama (AOC) sent the jury commission a master list containing 7500 names. These names are taken from driver's license records. The jury commission then compares these names with a list of approved names. The commission sent out 2,500 juror questionnaires, and 1,246 jurors were considered qualified. The majority of jurors who were not accepted from the 2,500 were disqualified because the questionnaires were undeliverable. Sandra Henderson, clerk of the Wilcox County jury commission, testified that she had not written any letters notifying people that they were disqualified from jury service. There was also testimony that the ultimate determination as to the qualification of each juror was not entered on the master list. Other records were kept, however, as to which jurors were qualified and which jurors were disqualified.
The record also reveals that eight black jurors and four white jurors served on the jury. The appellant is black. He does not contend that the failure to comply with §§ 12-16-60(b) and (c) prejudiced him in any way.
Section 12-16-55, Code of Alabama 1975, sets out the State's policy regarding jury selection:
"It is the policy of this State that all persons selected for jury service be selected at random from a fair cross section of the population of the area served by the court, and that all qualified citizens have the opportunity, in accordance with this article, to be considered for jury service in this State and an obligation to serve as jurors when summoned for this purpose."
In interpreting an earlier, similar statute, the Alabama Supreme Court stated that the purpose of the jury selection statutes was to ensure a reasonable approximation to the requirements that the venire include all qualified persons, that a fair cross section of the community be represented, and that no significant groups be excluded without justifiable reasons. State ex rel. Gregg v. Maples, 286 Ala. 274, 239 So.2d 198, 202 (1970). Furthermore, the "`sole purpose of these requirements is to insure that the jury commissioners will have as complete a list as possible of names, compiled on an objective basis, from which to select qualified jurors.'" Gregg, 286 Ala. at 279, 239 So.2d 198, quoting, Mitchell v. Johnson, 250 F.Supp. 117, 123 (N.D.Ala. 1966).
Section 12-16-80, Code of Alabama 1975, provides that "[n]o objection can be taken to any venire of jurors except for fraud in drawing or summoning the jurors."[1] The fraud required to quash a venire is the intentional omission of names of large numbers of legally qualified citizens from the jury roll or jury box. Higginbotham v. State, 54 Ala.App. 633, 312 So.2d 31 (Ala. Crim.App.), cert. denied, 294 Ala. 759, 312 So.2d 45 (Ala.1975). "There is a presumption that no legal fraud exists in the system used for the selection of jurors, in the absence of proof to the contrary or an offer of such proof." Bui v. State, 551 So.2d 1094 (Ala.Crim.App.1988), aff'd, 551 So.2d 1125 (Ala.1989), cert. filed, [December 12, 1989, No. 89-6271], quoting, Nixon v. *930 State, 291 Ala. 657, 680, 286 So.2d 315 (1973). See also Bell v. Terry, 213 Ala. 160, 104 So. 336 (1925).
The appellant has not alleged that the venire excluded qualified persons or that a fair cross section of the community was not represented. Nor has he alleged discrimination in the selection process. The appellant does not claim that any fraud occurred in the drawing or summoning of the jurors. He simply claims that the jury commission failed to perform a ministerial act. The appellant's interpretation would pervert form over substance. See generally Dobbins v. State, 274 Ala. 524, 149 So.2d 814 (1963), (clerical and ministerial mistakes do not furnish ground to quash venire when no prejudice resulted).
The appellant has failed to show that he was prejudiced in any way. Although we believe that the jury commission should comply with the statutes cited by appellant, we do not believe that its failure to do so in this case requires us to reverse the appellant's conviction. From all that appears from the record, the appellant was given a fair trial by a fair and impartial jury. Thus, the policy of the jury selection statutes was complied with.

II
The appellant next contends that the trial court erred in admitting into evidence the appellant's shirt, a statement made by the appellant regarding the shirt, and another statement made by the appellant. As to the first statement, the appellant contends that it was inadmissible because he was not given a copy of the statement and he was not given Miranda warnings. Prior to the admission of the statement, the trial court held a suppression hearing.
Arthur Moye, a city patrolman at the time of the incident, testified that he was standing outside city hall when the appellant called down to him from the jail. He told Moye that he wanted to apologize to the victim's mother about what had happened and get her to drop the charges. Moye went upstairs, and the appellant repeated this statement. Moye testified that he did not ask the appellant any questions or discuss the statement with him. He testified that the appellant's statement was voluntary. He further testified that he did not tell the prosecutor about the statement until the morning of the trial. Moye had been transferred to the Wilcox County Sheriff's Department shortly after the incident and, thus, was no longer actively working the case.
The prosecutor stated that she informed the appellant's counsel of the statement as soon as she learned of it. The appellant's counsel stated that the statement testified to by Moye was "pretty much in line" with what the prosecutor had told him. (R. 160.)
"Spontaneous statements that are volunteered by the defendant are admissible despite a failure to comply with Miranda safeguards." McWilliams v. State, 476 So.2d 1244, 1245-46 (Ala.Crim.App.1985). See also Phillips v. State, 462 So.2d 981 (Ala.Crim.App.1984). "The Miranda safeguards are required only when a suspect is interrogated in a custodial setting." McWilliams at 1246 (emphasis in original); Klingel v. State, 518 So.2d 853 (Ala.Crim. App.1987). "Interrogation includes either `express questioning or its functional equivalent,' that is `word or actions on the part of the police ... [which] the police should know are reasonably likely to elicit an incriminating response from the suspect.'" McWilliams at 1246 (emphasis in original), quoting Rhode Island v. Innis, 446 U.S. 291, 300-01, 100 S.Ct. 1682, 1689-90, 64 L.Ed.2d 297 (1980).
The record reveals that the statement was voluntary and was not elicited. Thus, it was properly admitted. See e.g., Bonman v. State, 376 So.2d 831 (Ala.Crim.App. 1979). Furthermore, the record indicates that the prosecutor informed the appellant's counsel of the statement as soon as she was made aware of it. Thus, the prosecution complied with the appellant's discovery request. The prosecution could not have produced the statement at an earlier time, since it was not aware of the statement. See, e.g., Stephens v. State, 451 So.2d 402 (Ala.Crim.App.1984). The appellant has failed to show any prejudice by not receiving the evidence at an earlier time. *931 See e.g., Moncrief v. State, 551 So.2d 1175 (Ala.Crim.App.1989). We also note that the appellant, upon learning of the statement, did not move for a continuance before the trial began. See generally Nelson v. State, 440 So.2d 1130 (Ala.Crim.App. 1983).
Apparently, the appellant also contends that the court erred in admitting a shirt that the appellant was wearing after he was arrested, and a statement that he made concerning the shirt. Moye testified that the police asked the appellant for the shirt and he complied. The police asked him for the shirt because it had blood on it. We find that there was no error in the admission of the shirt. See King v. State, 521 So.2d 1042, 1947 (Ala.Crim.App.1987), cert. denied, 521 So.2d 1050 (Ala. 1988). A careful review of the record indicates that no statement was admitted regarding the shirt.

III
The appellant next contends that the trial court erred in denying his motion for a mistrial because one of the jurors saw a newspaper article about the trial. One of the jurors stated that he had seen a newspaper headline concerning the trial, but that he did not read the article. He believed that the headline read "Camden Trial." (R. 223.) He stated that seeing the headline did not affect him in any way.
"The granting of a mistrial rests within the sound discretion of the trial judge, and his ruling thereon will not be overturned absent a clear abuse thereof. Whether vel non the reading of a newspaper article has influenced the jury to the detriment of appellant is a question to be determined by the trial court in the exercise of its sound discretion." Williams v. State, 410 So.2d 911, 913 (Ala.Crim.App.1982). Even when jurors read newspaper accounts of the case, a verdict will not be disturbed if the trial court determines that none of the jurors was affected by the article. Wiggins v. State, 429 So.2d 666 (Ala.Crim.App. 1983); Flowers v. State, 402 So.2d 1118 (Ala.Crim.App.1981).
The trial court took swift action to determine what had occurred. The juror stated that he was not influenced by reading the headline. We find that the trial court did not abuse its discretion in denying the motion for mistrial.
For the reasons set forth above, this case is due to be, and it hereby is, affirmed.
AFFIRMED.
All the Judges concur.
BOWEN, J., concurs in result only, with opinion.
BOWEN, Judge, concurring in result only.
I concur only in the result reached by the majority  that the conviction is due to be affirmed.
In Part II, the majority stated: "The prosecution could not have produced the statement at an earlier time since it was not aware of the statement. See e.g., Stephens v. State, 451 So.2d 402 (Ala.Cr.App. 1984)." In this case, the knowledge of patrolman Moye must be imputed to the district attorney as was done in Patton v. State, 530 So.2d 886, 889 (Ala.Cr.App.1988). Stephens does not support the majority's position because that case involved a writing in the possession of the sister of a state's witness.
NOTES
[1] This statute was drawn from Title 30, § 46, of the 1940 Alabama Code. Thus, cases which interpret the prior statute are also applicable to the cited statute.